## PAUL G. IASIELLO *v.* JOHN R. MANSON, COMMISSIONER OF CORRECTION
### (5184)

DUPONT, C. J., HULL and DALY, Js.

Argued June 5—decision released September 8, 1987

*Hubert J. Santos,* for the appellant (petitioner).

*James G. Clark,* assistant state's attorney, with whom, on the brief, was *Steven M. Sellers,* assistant state's attorney, for the appellee (state).

HULL, J. This is an appeal from a decision denying a petition for a writ of habeas corpus in which the petitioner, Paul G. Iasiello, challenged the voluntariness of his guilty pleas to the crimes of kidnapping in the second degree in violation of General Statutes § 53a-94, robbery in the first degree in violation of General Stat-

utes § 53a-134, and possession of weapons in a motor vehicle in violation of General Statutes § 29-38.

The petitioner was arrested on August 13, 1976, and charged with kidnapping in the first degree, sexual assault in the first degree, robbery in the first degree and possession of weapons in a motor vehicle. On January 31, 1977, the petitioner pleaded guilty to the reduced charges. The trial court, *J. Shea, J.*, canvassed the petitioner's pleas, found them to be entered voluntarily and intelligently, and entered a finding of guilty to each charge. On February 17, 1977, the trial court sentenced the petitioner to the agreed recommended sentence of fifteen to thirty years imprisonment.

The petitioner did not file a direct appeal. He filed two habeas corpus petitions, dated October 30, 1977, and December 6, 1979, prior to the petition which is the subject of this appeal. The former was filed in the judicial district of Hartford-New Britain at Hartford. The latter was filed in the United States district court.[1] The state writ claimed in relevant part that the "[petitioner's] confinement is illegal in that at the time of the entry of his plea[s] of guilty, the petitioner was under the influence of his medication and did not make a knowing and voluntary plea as required by Article First, section Eight of the Connecticut Constitution, and the Fifth and Fourteenth Amendments [to] the United States Constitution."

The federal writ claimed in relevant part that the petitioner's pleas "were made while he was under the influence of drugs which made him incompetent to enter a plea of guilty. Thus, the petitioner argues that his guilty pleas were involuntary and the resulting

---

[1] The petitioner filed a third petition, not relevant to this case, in 1981, alleging ineffective assistance of trial counsel at the time of his plea. That petition was not submitted as an exhibit in the habeas court and played no part in that court's decision.

convictions were in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution."

The state habeas court, *Wright, J.*, denied the petition on October 14, 1980, holding that the drugs given to the petitioner did not render his pleas involuntary, and that "the petitioner intelligently pleaded guilty on January 31, 1977."

The federal magistrate issued a recommended decision denying the second petition on June 8, 1982. The decision held that the "state court decision is fairly supported by the record," and that the petitioner had not met his burden "to establish by a preponderance of the evidence that his guilty plea[s] [were] not voluntarily and intelligently made." On September 24, 1982, the federal district court approved the recommended decision and denied the petition. The petitioner did not appeal either of the decisions on the prior petitions.

On November 2, 1982, the petitioner filed the present petition for a writ of habeas corpus, claiming that "his imprisonment is illegal in that his plea of guilty to the charge for which he is confined was rendered in violation of the Fifth, Sixth and Fourteenth Amendments to the constitution of the United States, Article 1, Sections 8 and 20, of the constitution of the State of Connecticut, and the Rules of Practice of the State of Connecticut." The petitioner asserts that he was unaware of the "nature of the charges against him"; that the court failed to inform him of the elements of the crimes to which he pleaded guilty.

The respondent denied the allegations of the petition and alleged that the filing of the habeas petition was an abuse of the writ because the petitioner had challenged his guilty pleas on two prior occasions and because the petition was filed almost six years after the guilty pleas.

On November 25, 1985, an evidentiary hearing on the petition was held. On March 25, 1986, the court denied the petition, stating that "the filing of this petition almost six years after the guilty pleas, coupled with failure to raise this claim in previous petitions constitutes an abuse of habeas corpus." The court also rejected the petitioner's claim that his pleas had been entered involuntarily. The petitioner subsequently obtained certification and appealed to this court on June 6, 1986, claiming (1) that the filing of the petition does not constitute an abuse of the writ, (2) that a retrial would not prejudice the state, and (3) that the petitioner's imprisonment is illegal as his pleas of guilty violated his due process rights. We find no error.

The petitioner's first claim is that his petition should not have been denied as an abuse of the writ.

Decisions concerning abuse of the writ are addressed to the sound discretion of the trial court. "Theirs is the major responsibility for the just and sound administration of . . . collateral remedies, and theirs must be the judgment as to whether a second or successive application shall be denied without consideration of the merits." *Sanders* v. *United States,* 373 U.S. 1, 18, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963). The petitioner bears a heavy burden on appeal to show that the trial court abused its broad discretion. *State* v. *Marra,* 195 Conn. 421, 437–48, 489 A.2d 350 (1985). Further, on appeal of a habeas corpus proceeding, the petitioner must show a miscarriage of justice beyond a mere error that might have entitled him to relief on direct appeal. *D'Amico* v. *Manson,* 193 Conn. 144, 154–57, 476 A.2d 543 (1984).

Practice Book § 531 provides: "if the petitioner has filed a previous application, it and the action taken thereon shall be summarily described in the pending application. If the previous application brought on the

same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing." "It is . . . clear that in this context, 'ground' must mean a 'sufficient legal basis for granting the relief sought.' *Sanders* v. *United States,* [supra, 16]." *Negron* v. *Warden,* 180 Conn. 153, 158, 429 A.2d 841 (1980). An applicant must, in other words, show that his application does, indeed, involve a different legal ground, not merely a verbal reformulation of the same ground. *Williams* v. *United States,* 731 F.2d 138, 141 (2d Cir. 1984).

In the present case, both prior petitions and the present petition alleged, as a legal ground, that the petitioner's guilty pleas were involuntary. Only the factual bases of the petitions changed. In *Sanders* v. *United States,* supra, the United States Supreme Court addressed a situation analogous to the present one. It stated that "the contention that an involuntary confession was admitted in evidence against him is a distinct ground for federal collateral relief. But a claim of involuntary confession predicated on alleged psychological coercion does not raise a different 'ground' than does one predicated on alleged physical coercion. In other words, identical grounds may often be proved by different factual allegations." Id.; see also *Straight* v. *Wainwright,* 476 U.S. 1132, 106 S. Ct. 2004, 90 L. Ed. 2d 683 (1986); *Williams* v. *United States,* supra; *Negron* v. *Warden,* supra.

The "ground" advanced by the petitioner is the same in each of the petitions, that his guilty pleas were not voluntarily and intelligently entered, and therefore are void. The petitioner did not present a new "ground" in the present petition.

The habeas court also found that the petitioner "abused the writ" by failing to raise this allegation in

a previous petition, and by waiting six years to file this petition. As we have found that the habeas court properly denied the petitioner's petition because it did not allege "new grounds," we need not consider alternate grounds of upholding that court.

Nor do we consider the petitioner's second claim, which also refers to alleged error in the denial of the petition, or his final claim which refers to the merits of the present petition. "Where, as here, a successive . . . petition presents the same ground as an earlier petition which was decided on its merits, the burden is on the petitioner to show that the ends of justice warrant the court's consideration of the merits of the successive petition." *Williams* v. *United States,* supra, 142. The petitioner has failed to make such a showing. He has presented no compelling explanation of his failure to assert this exact claim of involuntariness in one of his earlier applications. He waited nearly six years to claim that he had not understood the elements of the crimes for which he pleaded guilty. The record suggests that the petitioner was well aware, prior to entering his pleas, of the crimes with which he was charged and the recommended sentence. In sum, the record persuades us that the petitioner's present petition presented no new ground for relief, that he failed to present any basis for believing that consideration on the merits is required, and that the trial court did not abuse its discretion in refusing to reach the merits.

There is no error.

In this opinion the other judges concurred.