## EMISAEL TIRADO *v.* COMMISSIONER OF CORRECTION (9070)

SPALLONE, DALY and LAVERY, Js.

Argued October 31, 1990—decision released February 19, 1991

*Edwin C. Pearson,* for the appellant (petitioner).

*Jack W. Fischer,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *James E. Thomas,* senior assistant state's attorney, for the appellee (respondent).

LAVERY, J. The petitioner appeals following the trial court's granting of the respondent's motion for summary judgment and the concurrent denial of the petitioner's motion for summary judgment in a habeas corpus proceeding. The petitioner claims that the habeas court was incorrect in its finding that his second successive application for a writ of habeas corpus

presented no new material issue of fact and that the grounds raised in it were the same as those raised in an earlier habeas petition decided against the petitioner in 1986. We affirm the trial court's judgment.

The following facts are pertinent to the resolution of this case. In August of 1982, after a trial to a jury, the petitioner was convicted of the crimes of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3) and assault in the first degree in violation of General Statutes § 53a-59 (a) (1). The jury found that the crimes were committed on March 18, 1982, between 6:30 and 6:45 p.m. in New Britain. At trial, the petitioner testified, on his own behalf, that at the time the crimes were committed he was in Warwick, Rhode Island, attempting to recover from his drug dependency while staying with his girl friend's brother, Amilio Torres. At the time of petitioner's trial, Torres was residing in Rhode Island and was not subpoenaed by the petitioner's trial counsel to corroborate the petitioner's alibi.

The petitioner appealed his conviction to our Supreme Court claiming, inter alia, ineffective assistance of counsel in that his trial attorney failed to employ the statutory procedure to compel out-of-state alibi witnesses to testify at trial. The Supreme Court affirmed the defendant's conviction. The court based its decision on the fact that the record was inadequate for appellate review. *State* v. *Tirado,* 194 Conn. 89, 478 A.2d 606 (1984). The court also concluded that the claim was more appropriately pursued on a petition for a new trial or a writ of habeas corpus. In 1985, the defendant filed a petition for a writ of habeas corpus, again raising the claim of ineffective assistance of counsel. A full evidentiary hearing on that petition was held in the Superior Court at Somers on May 23, 1986. During that proceeding, the court, *O'Neill, J.,* heard testimony from the petitioner's trial counsel, the petitioner's girl friend and

her brother, Torres. Their testimony indicated that although Torres had been willing to testify at the petitioner's trial, trial counsel made a tactical decision not to subpoena him because he did not find him to be a credible witness. The habeas court concluded that the defendant had not met his burden of proving, by a preponderance of the evidence, that his trial counsel had been ineffective and the habeas petition was denied. The petitioner did not appeal that decision.

On April 29, 1987, the petitioner filed this second petition for a writ of habeas corpus based on a claim that new evidence, discovered at the first habeas hearing from the testimony of alibi witnesses, would have probably resulted in a different outcome had it been presented at the original trial. The petition asserted that because the three year statute of limitations to petition for a new trial had lapsed the habeas petition was the sole collateral remedy available to the petitioner. On November 17, 1988, the respondent moved to dismiss the petition claiming, inter alia, that the defendant stated no new facts but rather had restated facts adduced at the first habeas proceeding.

On April 19, 1989, the habeas court, *Axelrod, J.,* dismissed the second petition on a finding that the grounds raised were the same as those raised in the first habeas petition. After the defendant filed a motion for reconsideration of the dismissal, Judge Axelrod vacated the prior dismissal and reinstated the petition. This reversal was based on the court's doubts as to whether the grounds raised in the second petition were different from those raised in the 1986 habeas proceeding. The respondent made a motion on August 7, 1989, to have the petition dismissed because the petitioner's attempt to raise his claim in a second petition after his failure to raise it in his 1986 petition constituted an abuse of the writ. That motion was denied.

Thereafter, both parties moved for summary judgment. On January 4, 1990, the habeas court, *Kaplan, J.,* denied the petitioner's motion for summary judgment and granted the respondent's motion. In the memorandum of decision, the court ruled that the issues raised by the petitioner in his second habeas petition were the same as those raised before the court in the first habeas petition in 1986. The court reiterated that those issues were decided against the defendant after a full evidentiary hearing and that the petitioner proffered no new evidence in his second petition. Thus, the second petition raised no new material issue of fact that would justify the granting of the petition. Thereafter, the petitioner moved for reconsideration, which motion was denied. On February 28, 1990, Judge Kaplan granted the defendant's petition for certification to appeal.

On appeal, the defendant claims that the habeas court was incorrect (1) in granting the respondent's motion for summary judgment, (2) in denying the petitioner's motion for summary judgment and (3) in denying the petitioner's January 4, 1990 motion to reconsider.[1] The dispositive issue is whether the petitioner's second successive petition was founded on the same grounds and the same facts as those raised in his first petition in 1986 and thus presented no new grounds or evidence on which to grant the relief sought.

Under federal and state constitutional law, a determination of whether a hearing on the merits is required on a successive habeas application is within the sound discretion of the court. *Sanders* v. *United States,* 373 U.S. 1, 18, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963); *Negron* v. *Warden,* 180 Conn. 153, 158–59 n.3, 429

---

[1] While the petitioner in his brief asserts the claims outlined above, he has approached this appeal as if it is a petition for a new trial. This claim is unavailable to him due to the fact that the three year statutory limit on such a claim has lapsed. General Statutes § 52-582.

A.2d 841 (1980); *Iasiello* v. *Manson,* 12 Conn. App. 268, 271, 530 A.2d 1075, cert. denied, 205 Conn. 811, 532 A.2d 586 (1987). On appeal, the petitioner bears the two tiered burden of demonstrating that the habeas court abused its broad discretion, and thereby created "a miscarriage of justice beyond a mere error that might have entitled him to relief on direct appeal." *Iasiello* v. *Manson,* supra; *State* v. *Marra,* 195 Conn. 421, 437–38, 489 A.2d 350 (1985); *D'Amico* v. *Manson,* 193 Conn. 144, 154–57, 476 A.2d 543 (1984).

When a petitioner brings a successive application for a writ of habeas corpus and that application is brought on the same grounds as the previous application, the pending petition may be summarily dismissed without a hearing provided that it is not based on new facts or new evidence not reasonably available at the hearing on the prior application. Practice Book § 531; *Negron* v. *Warden,* supra, 158–59. In this context, a "ground" has been defined as "sufficient legal basis for granting the relief sought." *Sanders* v. *United States,* supra, 16. A successive petition may not go forward if the grounds asserted in support of that petition are merely a verbal reconstitution of the claim asserted in a previous unsuccessful petition. *Williams* v. *United States,* 731 F.2d 138, 141 (2d Cir. 1984); *Negron* v. *Warden,* supra, 158–61; *Iasiello* v. *Manson,* supra, 272.

When we apply these standards to the factual setting of this case, it is clear that the plaintiff has not carried his burden of proving that the habeas court abused its discretion by summarily dismissing the petitioner's second application. During both the trial and the 1986 habeas hearing the petitioner introduced evidence of his alibi. Although the petitioner's trial counsel made a tactical decision not to invoke the interstate subpoena to secure witnesses who could corroborate the petitioner's alibi, there is no question that such evi-

dence was reasonably available at the time of trial. The claim that the petitioner now brings to this court is, in essence, based on the same facts that were both provable and at issue at trial. The fact that the alibi witness actually testified for the first time at the first habeas proceeding does not provide a basis for the view that the testimony was new evidence not reasonably available at trial.

The testimony of the alibi witness was available at the time of trial. The petitioner and his counsel both were aware of the existence of those people who could potentially offer corroboration of the alibi. At the first hearing, the testimony of the alibi witness was central to the issue of counsel's effective assistance. Thus, the sole ground raised in the petitioner's second habeas petition is that a witness who could verify his alibi did not testify at his trial and that there is a strong probability that the verdict would have been different had that testimony been heard.

This assertion does not create the legal basis required for the court in a second habeas hearing to grant the relief sought. Rather, this is a reformulation of the grounds heard and decided in the first petition directed toward the issue of failure of counsel to call a potential alibi witness.

The contention here that the petitioner is entitled to a new trial based on a witness' testimony ascertained at the first habeas petition does not raise any different ground than his claim that his counsel was ineffective for failing to call that same witness.

The potentially exculpatory testimony was known to this defendant prior to his trial, at the time of his appeal, at the time of the first habeas hearing and during the statutory period allowed for bringing a petition for a new trial.

We are aware that in cases where doubts exist as to whether the grounds asserted in the subsequent petition are the same or different from those raised on the first petition, those doubts should be resolved in favor of the applicant. *Negron* v. *Warden,* supra, 165–66. Nevertheless, in this case, where there is a mere reformulation of the same facts and the grounds, no such doubt exists.

The judgment is affirmed.

In this opinion the other judges concurred.