## ANTHONY LOZADA *v.* WARDEN, STATE PRISON (9184)

O'CONNELL, LANDAU and HEIMAN, Js.

Argued February 7—decision released June 4, 1991

*James J. Ruane,* special public defender, for the appellant (petitioner).

*James M. Ralls,* assistant state's attorney, with whom, on the brief, was *Edward Ricciardi,* assistant state's attorney, for the appellee (respondent).

O'CONNELL, J. The sole issue in this appeal is whether a person convicted of a crime may seek a writ of habeas corpus on the ground that his attorney at a prior habeas corpus hearing failed to render effective assistance. The trial court dismissed the petition on the theory of res judicata. We reverse the judgment of the trial court.

The petitioner had pleaded guilty to felony murder in violation of General Statutes § 53a-54c and was sen-

tenced to twenty-five years in the custody of the commissioner of correction. At all times relevant to this appeal, he has been incarcerated. Subsequent to his conviction, the petitioner filed a habeas corpus petition alleging that his guilty plea and imprisonment were the consequence of the ineffective assistance of his trial counsel. Following an evidentiary hearing on March 5, 1985, the court, *Kline, J.,* denied the petition. The petitioner did not seek certification to appeal this decision.[1]

On July 30, 1986, the petitioner filed a second habeas corpus petition, this time alleging ineffective assistance of the counsel who had represented him at his first habeas corpus hearing. The court, *Kaplan, J.,* dismissed the second petition, pursuant to Practice Book § 531, on grounds that it (1) repeated allegations previously adjudicated in the first habeas action, and (2) failed to state a claim on which relief could be granted.

The court granted certification to appeal and appointed a special public defender to represent the petitioner. On appeal, the petitioner claims that the trial court improperly (1) concluded that the petition was based on the same grounds as the original habeas petition and (2) held that the petitioner could not challenge the effectiveness of counsel in his original habeas action through a second writ of habeas corpus.

The state argues that there cannot be a habeas on a habeas. This is an overstatement of the law. A second habeas may be granted if it is not grounded on the same facts as the first petition. *Tirado* v. *Commissioner of Correction,* 24 Conn. App. 152, 156, 586 A.2d 625 (1991).

---

[1] The failure to take a direct appeal does not invoke the deliberate bypass prohibition against bringing the second habeas corpus action because the deliberate bypass doctrine does not apply where, as here, the sole claim is ineffective assistance of counsel. *State* v. *Rivera,* 196 Conn. 567, 570–71, 494 A.2d 570 (1985).

Here, the first petition was based on the claimed ineffectiveness of the attorney who had represented him in his murder case, whereas the second petition was based on the claimed ineffectiveness of the attorney who had represented him at his first habeas hearing. Clearly, these two petitions are not based on the same grounds despite the fact that the second petition, of necessity, incorporates an allegation of the original trial counsel's ineffectiveness. The gravamen of the petitioner's argument, therefore, is that there never was a proper determination, on the merits, of his allegation concerning the denial of effective assistance by his trial counsel because his habeas counsel was also ineffective.

In support of its decision, the trial court found that the petitioner's second habeas counsel had indicated on the record that no new issues were being raised and, therefore, the petition was clearly dismissible under Practice Book § 531. Although such an admission would be extremely favorable to the state, it has not directed this court to any reference in the transcript where that admission is found, and the petitioner denies making the statement. We conclude that the record in this case does not support this trial court finding.

A further review of the record reveals that the petitioner's counsel did concede that there was no newly discovered evidence available to support a petition for a new trial. Evidence of the first habeas counsel's ineffectiveness is not newly discovered evidence sufficient to support a petition for a new trial because such evidence was not in existence at the time of the first habeas hearing. In fact, it was the first habeas hearing that generated this evidence. See *Asherman* v. *State,* 202 Conn. 429, 434, 521 A.2d 578 (1987). Therefore, the trial court erroneously concluded that the proper route to attack the first habeas corpus judgment was by a petition for a new trial.

The trial court also improperly stated that the petitioner's alternate remedy was a direct appeal of the first habeas action. A direct appeal, however, is not required where the sole claim is ineffective assistance of counsel. *State* v. *Rivera,* 196 Conn. 567, 570–71, 494 A.2d 570 (1985).

The state correctly argues that there is no constitutional right to counsel in a habeas corpus hearing. *Pennsylvania* v. *Finley,* 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Franko* v. *Bronson,* 19 Conn. App. 686, 691, 563 A.2d 1036 (1989). The state, however, extends this argument, claiming that because there is no constitutional right to habeas counsel, there is no requirement that counsel at a habeas hearing be effective. We do not agree.

Although there is no constitutional right to habeas counsel, a statutory right to such counsel has been created in this state by General Statutes § 51-296.[2] *Franko* v. *Bronson,* supra, 692. There is no merit to the state's contention that although the petitioner has a statutory right to counsel, the statute does not include a requirement that counsel render effective assistance. To adopt this reasoning would require us to condone ineffective representation. This argument ignores the principle that statutes are not to be construed so as to reach a bizarre result. *State* v. *Williams,* 206 Conn. 203, 211, 536 A.2d 583 (1988). We read General Statutes § 51-296 as requiring that counsel appointed thereunder must render effective assistance to the petitioner.

In view of our conclusion that a habeas petitioner is entitled to effective counsel, there must be a procedure to review a claim of ineffectiveness of that counsel. Con-

[2] General Statutes § 51-296 mandates that counsel be appointed for an indigent defendant "in any habeas corpus proceeding arising from a criminal matter . . . ."

necticut courts have relentlessly held that claims of ineffective assistance of counsel should be determined by way of a habeas corpus action. *State* v. *Leecan,* 198 Conn. 517, 541, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986); *State* v. *Farrar,* 7 Conn. App. 149, 163, 508 A.2d 49, cert. denied, 200 Conn. 805, 512 A.2d 229 (1986). The same reasoning that requires habeas corpus proceedings for claims of ineffective trial counsel; *State* v. *Leecan,* supra; and ineffective appellate counsel; *Valeriano* v. *Bronson,* 209 Conn. 75, 88, 546 A.2d 1380 (1988); logically dictates that habeas proceedings should be available to challenge the ineffective assistance of habeas counsel.

The trial court relied on *State* v. *Leecan,* supra, and *Valeriano* v. *Bronson,* supra, for its ruling that habeas corpus claims are reserved for attacking the effectiveness of trial counsel or appellate counsel during the original criminal proceedings. We find no authority in those cases imposing any such limit on the use of a writ of habeas corpus.

The trial court also held that a habeas corpus action is available solely for the purpose of attacking the judgment by which the petitioner is being detained. Extending this reasoning, the trial court also held that because the second habeas did not attack the judgment giving rise to the petitioner's detention, the second habeas could not be entertained. This narrow view fails to consider the expanded use of the writ of habeas corpus in modern jurisprudence. See *Gaines* v. *Manson,* 194 Conn. 510, 481 A.2d 1084 (1984) (constitutional right to timely prosecution of appeal from conviction); *Arey* v. *Warden,* 187 Conn. 324, 445 A.2d 916 (1982) (confinement in administrative segregation units); *Rogue* v. *Warden,* 181 Conn. 85, 434 A.2d 348 (1980) (loss of good time credit for having possession of documents advocating opposition to correctional system); *Fasulo*

v. *Arafeh,* 173 Conn. 473, 378 A.2d 553 (1977) (civil confinement to mental hospital); *Doe* v. *Doe,* 163 Conn. 340, 307 A.2d 166 (1972) (custody and visitation disputes).

We recognize the risk of abuse by a disenchanted prisoner who continually files successive habeas petitions seeking retrial of a claim previously considered and decided against him. At common law, there was no prohibition against such successive writs so that "[a] person detained in custody might . . . proceed from court to court until he obtained his liberty." *Cox* v. *Hakes,* 15 AC 506, 527 (H.L. 1890).[3] This procedural hazard is virtually eliminated in Connecticut by Practice Book § 531 that allows summary dismissal, without hearing, of successive habeas petitions brought on previously denied grounds.[4] The United States Supreme Court also sanctions dismissal, without hearing, of successive petitions as the trial court's protection from this abuse. *Sanders* v. *United States,* 373 U.S. 1, 9, 15, 83 S. Ct 1068, 10 L. Ed. 2d 148 (1963); see also 28 U.S.C. § 2255, rule 9b.[5]

The petitioner properly argues that, despite the "once removed status" of the second habeas petition, the underlying reason for his illegal confinement is the original conviction which resulted from his trial coun-

---

[3] This historical English practice has now been curtailed by statute. Administration of Justice Act, 1960, 8 & 9 Eliz. II, c. 65, § 14 (2).

[4] Practice Book § 531 provides: "If the petitioner has filed a previous application, it and the action taken thereon shall be summarily described in the pending application. If a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing."

[5] 28 U.S.C. § 2255, rule 9b provides: "(b) SUCCESSIVE MOTIONS. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the writ."

sel's ineffectiveness and which was compounded by the ineffectiveness of his habeas counsel. Accordingly, unless we are prepared to accord this petitioner a right to effective counsel without a remedy to enforce it, the petitioner must be given his day in court through a second habeas corpus hearing.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.