[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Following a jury trial, the petitioner was convicted of Manslaughter in the First Degree in violation of General Statutes53a-55. He appealed unsuccessfully as is explained in State v. Smith, 16 Conn. App. 223 (1988).
On March 29, 1993, petitioner brought a petition for writ of habeas corpus alleging that his incarceration was unlawful because it was based upon a judgment secured in violation of his right to the effective assistance of counsel, and that he was not competent to stand trial because of a head injury suffered while he was a passenger in a sheriff department van. On September 7, 1993, the petitioner brought a second petition for writ of habeas corpus alleging that his incarceration was unlawful because it was based upon a judgment secured when he was not competent to stand trial because of a head injury suffered while he was a passenger in a sheriff department van. The two petitions were consolidated by Judge Hodgson. Subsequently, the petitioner limited his claims to the sole issue of whether he was competent to stand trial due to the alleged head injury.
Pursuant to Practice Book 531, the respondent filed a motion CT Page 1299 to dismiss the petitions on the grounds that: (1) the petitioner's claim was previously raised and litigated in a prior application, filed in the Judicial District of Tolland, docket #CV 88-00518, which was denied by Judge Scheinblum in a Memorandum of Decision, dated January 23, 1992; and (2) the petitioner's two present applications fail to state new facts or proffer new evidence not reasonably available before Judge Scheinblum.
The second issue before this court is the public defender's motion to withdraw as habeas counsel. In essence, the petitioner's attorney, after reviewing the petitioner's claim, reached the same conclusion as the respondent. The public defender submits that any argument that would be presented in support of the petitioner's position would be wholly frivolous, therefore, he seeks the court's permission to withdraw.
Practice Book 531 states: "If the petitioner has filed a previous application, it and the action taken thereon shall be summarily described in the pending application. If a previous application brought on the same grounds was denied, the pending application maybe dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing." "The language of 531 is clear on its face and prescribes that trial courts may dismiss a second application without a hearing only if that application asserts the same grounds and fails to state new facts or proffer new evidence not reasonably available to the petitioner at the hearing on his previous application." Negron v. Warden, 180 Conn. 153, 158 (1980). "An applicant must, in other words, show that his application does, indeed, involve a different legal ground, not merely a verbal reformulation of the same ground." Iasiello v. Manson, 12 Conn. App. 268,272 (1987) (citation omitted).
In the present case, this court has reviewed the pleadings in the consolidated petitions before it, as well as the pleadings in the prior petition brought in Tolland. Additionally, this court has examined a verbatim transcript of the petitioner's testimony before Judge Scheinblum, and has carefully read the court's memorandum of decision. Among Judge Scheinblum's findings is the following:
 The petitioner's claim that he suffered severely from the effects of a motor vehicle incident is ludicrous. The Department of Correction Incident Report indicates that on CT Page 1300 February 2, 1987 at about 10 A.M. the sheriff's van was backing into the receiving area of the Superior Court in New Haven. It was traveling at about two miles per hour when it struck a gate, causing the operator to suddenly brake. At about 6:20 p. m. that same date, Smith, for the first time, reported that he had hit his head against the back door of the van. Upon examination, the medic noted that there was no swelling, that Smith had no difficulty hearing and no other visible injury. The medic discovered no injuries whatsoever. Smith never told his trial attorney that he was injured nor did he inform the court of any injuries. His trial counsel did not discern any diminution in Smith's ability to understand the proceedings and/or assist in his own defense. The only logical conclusion to make is that if Mr. Smith was injured on the morning in question, the injuries in no way impacted upon his ability to proceed with the trial.
Smith v. Warden, Superior Court, Judicial District of Tolland at Rockville, Docket #CV-88-0000 518-S, pp. 3-4 (January 23, 1992) (Scheinblum, J.).
In sum, a review of the petitioner's prior petition persuades this court that the petitioner's current consolidated petitions present no new ground for relief and further, that the petitioner has failed to present any basis for believing that consideration on the merits is required. Accordingly, the respondent's motion to dismiss is granted.
Regarding the public defender's motion to withdraw, the court finds that he has followed the procedures outlined in Anders v. California, 386 U.S. 738 (1967), and adopted by Connecticut in Fredericks v. Reincke, 152 Conn. 501 (1965), and State v. Pascucci,161 Conn. 882 (1971). For the reasons stated herein, any argument that could be presented by the public defender in support of the petitioner's claim would be wholly frivolous. Accordingly, the appearance of the public defender may be withdrawn.
Robert A. Martin, Judge CT Page 1301