[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF DECISION RE' THIRD AMENDED HABEAS PETITION
After a trial to the jury Charles Bellino was found guilty of the crimes of Manslaughter in the First Degree, Attempt to Commit Assault in the First Degree, and Carrying a pistol without a permit. At the trial the state proved that he fired a shot from an unlicenced pistol into a motor vehicle and thereby took the life of one of the occupants of the motor vehicle. On June 20, 1991, he was sentenced to an effective total sentence of 35 years.
Charles Bellino appealed his conviction to the Appellate Court based upon a claim that the trial judge provided an erroneous instruction to the jury on the issue of self defense. Attorney Lauren Seisfeld represented him in his appeal. The Appellate Court reviewed the issue raised on appeal and affirmed the judgment of conviction. Charles Bellino remains incarcerated.
Thereafter Charles Bellino filed a habeas petition in which he asserted that his conviction was illegal due to ineffective assistance of William Tiernan, his trial counsel Charles Bellino claimed that attorney William Tiernan committed the egregious error of advising him to testify falsely. In this regard, Charles Bellino claimed that he told attorney Tiernan that he fired the shot into the motor vehicle in self-defense. He claimed further that attorney Tiernan advised him to testify that he did not fire the pistol, and that he followed his advice. Essentially, Charles Bellino argues that had he testified that he fired in self-defense he would not have been acquitted. The habeas petition was presented to Judge William J. Sullivan who heard the testimony of Charles Bellino and attorney William Tiernan as to the former's claims. Attorney Thomas Conroy represented Charles Bellino in the habeas petition.
On December 7, 1995, Judge William J. Sullivan issued a ruling denying the petition. Thereafter Charles Bellino filed a petition for certification with Justice Berdon for review of Judge William J. Sullivan's decision. In his decision, dated January 25, 1996, Justice Berdon denied the petition for certification, after finding that Judge Sullivan found testimony of the trial attorney to be credible.
Charles Bellino has filed the present Third Amended [Habeas] Petition CT Page 7003 in which he asserts the following grounds:
1) as against attorney William Tiernan
 a) ineffective assistance of attorney William Tiernan as trial counsel by advising him to testify falsely;
b) failure to investigate his case adequately;
 c) failure to conduct proper legal research and to prepare a defense theory;
d) failure to call witnesses; and
e) failure to challenge sufficiency of the evidence;
2) as to attorney Thomas Conroy as habeas counsel
failure to call his mother and sister as witnesses;
3) as to attorney Lauren Weisfeld
failure to address the adequacy of the trial court's instruction on self-defense, specifically with reference to the omission of the statutory duty to retreat and the limitations on that duty.
The court shall address the petitioner's claims against each counsel in turn.
A. Attorney William Tiernan
Regarding attorney William Tiernan, petitioner Charles Bellino asserts that his ineffective assistance of counsel was based in part upon his encouraging him to testify falsely. Inasmuch as this claim was addressed and denied in the habeas petition ruled upon by Judge William J. Sullivan, this court shall not decide this claim because rule of court and case law support the proposition that this claim not be relitigated. See Sec. 23-29 (3) of the Connecticut Rules of Court which supports dismissal of a habeas petition that
. . . presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition.
See also Iasiello v. Manson, 12 Conn. App. 268, 272, cert den. CT Page 7004205 Conn. 811 (1987).
In preparing his defense Attorney William Tiernan reviewed the state's attorney's complete file, and met with the petitioner on several occasions. Attorney Tiernan interposed a defense of self-defense. As to the claim of failure to call witnesses, Attorney Tiernan testified that two of the witnesses resided outside of Connecticut. The court notes that the witness issue was not raised in the habeas ruled upon by Judge Sullivan.
Having reviewed the testimony presented at the hearing on this petition, and having reviewed the transcripts of the prior proceedings which were submitted in evidence for this proceeding, this court finds that attorney Tiernan provided competent representation to the petitioner.
B. Attorney Richard Conway
Attorney Richard Conway testified that he did not recall whether Charles Bellino gave to him the names of his mother and sister as persons to call as witnesses. Attorney Thomas Conroy has considerable experience in criminal and habeas matters. A review of the transcript of the habeas matter before Judge Sullivan reveals that he provided competent representation to Charles Bellino who did not in his testimony in that matter assert a claim for the testimony of his mother or of his sister.
C. Attorney Lauren Weisfeld
Petitioner Charles Bellino claims that attorney Lauren Weisfeld's legal representation of his interest on appeal fell below that of competent counsel by not addressing asserted errors in the court's jury instructions on the issue of self-defense and the duty to retreat. A review of the appellate record of the petitioner's case discloses that this very issue was throughly advanced and competently presented by attorney Weisfeld. See the matter of State v. Bellino, 31 Conn. App. 385, aff'd; 226 Conn. 917 (1993) certification granted on, among another, appellate issue of "[w]hether Appellate Court properly held that the instructions on self-defense . . . did not abuse the court's discretion, where it did not instruct on the statutory duty to retreat and the limitations on that duty?;" 228 Conn. 853 (1994) appeal dismissed as improvidently granted.
The foregoing is an articulation of the reasons for the denial of Charles Bellino's Third Amended Petition for relief by the writ of habeas. CT Page 7005
Clarance J. Jones, Judge