[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
The petitioner Michael Mourning has filed a second habeas corpus petition challenging his incarceration pursuant to a 1996 guilty plea and conviction in the Superior Court at Danbury. The respondent warden has moved to dismiss the petition.
On June 12, 1996, the plaintiff pleaded guilty to two counts of sale and one count of possession with intent to sell narcotics, in violation of Conn. Gen. Stat. § 21a-277(a). A number of other outstanding counts were nolled. The petitioner was convicted and sentenced to a total effective sentence of twenty years, suspended after ten, with five years probation.
The plaintiff filed his first habeas petition on November 5, 1996, initially alleging ineffective assistance of counsel and other matters. By October 23, 2000, when the matter was to be heard, the petitioner elected to proceed only on a claim that the plea canvass was improper. At a status conference, held on the record, that habeas court (Barry, J.) patiently clarified with the petitioner those matters on which the petitioner was choosing to proceed. Thereafter the court heard a Motion for Summary Judgment filed by the respondent and granted that motion, disposing of the matter in respondent's favor. Michael Mourning v.Warden, CV 96 0002281 Superior Court, Judicial District of Tolland at Rockville, February 14, 2001.
The petitioner now brings this habeas petition, alleging that the state failed to disclose certain exculpatory evidence in his criminal cases, a fact that the petitioner claims he has only recently uncovered through the use of the Freedom of Information Act. The petitioner alleges three items of which he is only now aware that give rise to this new petition:
1) that a police officer fabricated a toxicology report indicating a positive finding of heroin, and made misstatements in an arrest warrant describing the seizure of certain contraband; CT Page 12853
2) that certain transcriptions or videotapes referred to in arrest warrants or reports are nonexistent;
3) that one of the toxicology reports from the state lab identifies the petitioner as the source of the tested substance when in fact the arrest report indicates that the drugs were seized from another person.
The respondent has moved to dismiss, arguing that this information, to the extent it might otherwise constitute grounds for filing a habeas action, was all available to the petitioner during the pendency of his first habeas petition and should have been asserted then. In examining the documents that the petitioner has attached to his habeas petition, the court quite agrees.
It is clear that a subsequent habeas petition brought on the same grounds as a previous petition may be dismissed. Conn. P.B. § 23-29.Iasiello v. Manson, 12 Conn. App. 268, 271-72 (1987). "Grounds" is construed fairly broadly, to mean the ultimate basis for the habeas relief, even if the factual basis or legal theory is somewhat different from that previously asserted. Id., 272; Sanders v. United States,373 U.S. 1, 16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).
Here the petitioner argues just as in his prior petition that his plea was involuntarily obtained because he was not privy to certain information that would have lead him to a different decision under the circumstances. The grounds are the same. Unless the petitioner can show "cause" for the failure to have asserted these facts in his prior petition, the court can use its discretion to dismiss the current petition for abuse of the writ. The burden is on the petitioner to demonstrate this cause. McCleskey v. Zant, 499 U.S. 467, 494-95 (1991).
The petitioner claims that he did not make these facts part of his prior petition because he only recently discovered them, using the Freedom of Information Act. His attachments indicate that he had received responses to his FOIA requests from the Superior Court clerk in Danbury in February and November 1999, and from the Danbury Police Department in January 31, 1997. Compliance with three other FOIA requests was sent to the petitioner in May and July of 2000, but these last ones only requested the address or date of hire of certain state employees and do not seem to bear any material relationship to the petitioner's conviction.
The petitioner has failed to show any "cause" for the failure to include in the prior habeas case the facts he now claims as a basis for this habeas. All of the information was in his hands well before the date CT Page 12854 of the status conference in that case and in plenty of time to request to amend the petition. In fact the petitioner was aware of the information in the arrest warrant and incident reports relating to his arrest before he was convicted, those documents either having been served on the petitioner himself at the time of his arrest or made available to the petitioner and his counsel for review during the pendency of the underlying criminal cases in 1996.
Nor can the petitioner show prejudice or a fundamental miscarriage of justice as required by McCleskey, supra. He has misread or mischaracterized that which he has "discovered," as his assertions are contradicted by the documents themselves.
For example, as to the evidence that the powder seized from the petitioner and from another person was heroin, all products went through field tests and were determined to be positive at the scene. No documents of the petitioner contradict this. The toxicology report in issue, Lab No. 95 00126, p. 3, clearly states that the white powder substance found in the 100 glassine bags stamped "Brain Storm" was indeed heroin, contrary to the petitioner's assertion that the report contains no such finding. Among the three toxicology reports are two that indicate that other persons were the source of certain of the drugs, as is consistent with the police report referred to by the petitioner. It is a third toxicology report, one attached by the petitioner to his papers but ignored by him in his petition, that lists the petitioner as the source of some of the drugs, based on the information given to the state lab when the evidence was delivered to it.
The law is clear that a petitioner who cannot show cause for a procedural default in presenting a claim in the earlier habeas petition is not entitled to present it later. See Johnson v. Commissioner ofCorrection, 218 Conn. 403, 589 A.2d 1214 (1991).
Under the circumstances, the court finds the Motion to Dismiss should be granted, in accordance with the applicable case law relating to abuse of the writ and with Conn. P.B. § 23-29(2). (3), and (5).
The petition is hereby DISMISSED.
Patty Jenkins Pittman, Judge