STANLEY ALTMAN *v.* STELLA MENOUTIS

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE NO. 269897
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 25, 1983

*Russell W. Pray,* for the plaintiff.
*Raymond C. Seligson,* for the defendant.

Susco, J. The defendant has moved to dissolve a prejudgment ex parte attachment of real property in the amount of $50,000. Pursuant to General Statutes § 52-278e, a hearing was held on the motion on September 12, 1983.

The plaintiff, appearing through counsel, presented no testimony at the hearing but filed copies of the incorporation papers of Candlelight Restaurant, Inc., listing the plaintiff as an incorporator, director and secretary of the corporation, copies of the unanimous consent of shareholders in lieu of an annual meeting removing the plaintiff as director, a copy of the unanimous consent of directors in lieu of a special meeting removing the plaintiff from the office of secretary of the corporation and a copy of a contract for the sale of stock. The plaintiff's complaint, in effect, alleges that the defendant tortiously interfered with a business relationship.

Those filings establish that the plaintiff had a business relationship that was severed, but in no way establish probable cause to believe that the defendant's tortious actions were the cause of that severance. No evidence was offered on the issue of damages. At the time the ex parte attachment was issued, the plaintiff's affidavit alleged that he had been "exposed to lawsuits by corporate creditors of obligations guaranteed by Plaintiff all in excess of $50,000." Without the benefit at least of an affidavit alleging facts, the court is not in a position of knowing whether there is probable cause to believe that the plaintiff will recover a judgment on the cause of the action alleged. The motion, therefore, is granted.