[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The respondent has moved to quash and/or dismiss this CT Page 9993 amended habeas corpus petition. The petition contains two counts. The first raises claims concerning the petitioner's eligibility for the home release program and for review of his incarceration by the Connecticut Board of Pardons and the legality of his continued incarceration under the Eighth Amendment. The second count alleges deprivation of the petitioner's right to due process of law and equal protection under the state and federal constitutions.
Specifically, the petitioner claims that although he was acquitted of charges alleging sexual misconduct and was convicted on other charges, including risk of injury to a minor, his administrative record contains references to the charge of sexual misconduct and that he has been denied participation in the supervised home release program as if he were a convicted sex offender. He seeks to have the charges of which he was acquitted expunged from his prison record.
The petitioner's only other specific request for relief is that his sentences "be modified to make them conform to constitutional and humane standards of punishment in light of petitioner's present age and physical infirmities."
The respondent has moved to dismiss on the ground that eligibility for supervised home release and for review by the Board of Pardons was already raised in a prior petition and is not within the scope of habeas relief. The respondent seeks dismissal of the claims made in the second count of the complaint because relief is sought against the Connecticut Board of Pardons, which has not been served or made a party to the action.
The respondent also objects that, to the extent that the petitioner is raising claims of denial of civil rights pursuant to42 U.S.C. § 1983, his suit must conform to the procedures applicable to a civil action, and cannot be adjudicated in the manner applicable to petitions for habeas corpus.
The petitioner acknowledges that he filed a prior habeas petition that was heard and adjudicated in the Judicial District Tolland at Rockville as Docket No. 0001255. In that petition, which was filed on August 12, 1991, the petitioner raised the same claims as to denial of eligibility for the home release program, denial of immediate review by the Pardons Board, and subjection to cruel and unusual punishment in that he was being required to serve a long sentence despite his age and physical ailments. The CT Page 9994 habeas court, Scheinblum, J., granted that petition to the following extent:
 "petitioner's right to sentence review ordered restored and to be heard by sentence review at its earliest opportunity.
By implication, Judge Scheinblum denied all other relief sought by the petitioner. The sentence review board denied the petitioner's request for reduction of his sentence.
Effect of the Prior Application
Pursuant to 531 of the Practice Book provides that if a previous application for habeas relief brought on the same grounds was denied, the subsequent application may be dismissed without a hearing unless it states new facts or proffers new evidence not reasonably available at the previous hearing.
The Connecticut Supreme Court has indicated in Lozada v. Warden, 223 Conn. 834, 843-4 (1992), that while the doctrine of res judicata as such does not apply to a request to discharge a prisoner on habeas corpus, the court with which the second application is filed must determine whether the grounds asserted are different from those asserted in the initial petition. In Lozada, the Court determined that a claim of ineffectiveness of counsel who presented the first habeas petition was a ground different from the claim made in that petition of ineffective assistance of trial counsel.
Inspection of the petitioner's application filed in Rockville reveals that it contained the same claims of denial of eligibility for the home release program, denial of immediate review by the Pardons Board, and subjection to cruel and unusual punishment by virtue of the length of his sentence and the state of his health and his age. The petitioner identifies no new grounds with regard to the issues of home release (which is, at any rate, moot) and access to the pardons board. With regard to the third issue, however, the petitioner points out that his age and medical problems, which are listed in the amended complaint as now including arthritis in hips, shoulders and knees, blockage of the arteries in both hips, rectal bleeding, gout, pains in the chest and upper back, and dental problems, have progressed in the two years since the initial petition was heard. That initial petition contained no enumeration of the ailments from which the CT Page 9995 petitioner claims to suffer, but referred, at page 2, para 2 iv, only to "his age and numerous physical infirmities." The ruling by Judge Scheinblum does not reflect what Eighth Amendments grounds were in fact raised or decided. On November 24, 1991, the sentence review board, after a hearing ordered by Judge Scheinblum as habeas relief, concluded that request for reduction of sentence based on medical condition was "beyond the scope and authority of the panel."
Health is not, of course, a static condition. Though the state of the petitioner's health in 1991 may not have been such as to lead the habeas court to conclude that his continuous incarceration was illegal because violative of the Eighth Amendment's proscription of cruel and unusual punishment, this court cannot conclude that only the same conditions pertain at this time. Doubts as to whether the grounds asserted in a habeas petition are the same as those asserted in an earlier petition should be rendered in favor of the applicant. Lozada, supra, at 844-5; Negron v. Warden, 180 Conn. 153, 165-66 (1980).
The court finds that the petitioner's claims of denial of eligibility for home release, denial of access to the pardons board, and administrative inclusion of reference to the nature of the crime of which he was acquitted raise the same grounds as were already presented in the petitioner's Rockville petition. The habeas court's rejection of these grounds is implicit in its limiting relief only to the issue of the length of the sentence, an issue germane to the claim of ill health.
The court finds that the claims stated in the first count of the amended petition of paragraph 2 (at page 3) and 2iii and viii(1) and (2) and 4(a) and (b) are the same grounds as have been previously ruled on by Judge Scheinblum, and that these claims are therefore dismissed. The confused and confusing numbering system used by the petitioner in his petition necessitates the clarification that the only remaining claims that identifiably assert new grounds are those that pertain to the petitioner's age and health and his claim that the principles of the Eighth Amendment render his incarceration illegal.
Habeas Claim
In Flaherty v. Warden, 155 Conn. 36, 40 (1967), the Connecticut Supreme Court declared that questions that do not concern the lawfulness of the detention cannot properly be CT Page 9996 reviewed on habeas corpus. Revisiting the issue of the scope of state habeas relief in Sanchez v. Warden, 214 Conn. 23, 33 (1990), the Court noted that some Superior Court judges had been following the view expressed in Dukuly v. Warden, 39 Conn. Sup. 88 (1977) that a petition for habeas corpus is not restricted to a challenge to the validity of the judgment under which the petitioner is incarcerated but encompasses claims of unconstitutional conditions of confinement. The Court noted that the Superior Court in Dukuly had not considered the availability of relief under 42 U.S.C. § 1983, and stated, "[a]ccordingly, we await a more suitable occasion to decide whether the scope of habeas corpus should be broadened to include challenges to conditions of confinement when 1983 may be a viable alternative for presenting the petitioner's claim" [emphasis supplied]. Considering the scope of habeas jurisdiction in Vincenzo v. Warden, 26 Conn. App. 132 (1991), the Appellate Court ruled that the unconstitutionality or illegality of detention raised by the petitioner must assert a "liberty interest." The Court in Vincenzo found that an asserted due process interest in the validity of the rule-making procedure of the state board of parole did not implicate a petitioner's liberty interest, since he had no right to parole release regardless of the manner of enactment of the regulations.
By invoking the Eighth Amendment's protection against cruel and unusual punishment, the petitioner raises an interest in a change in the conditions of his confinement, not an entitlement to be released. In essence, he claims that the prison may not adequately address his health problems. In his amended petition the petitioner does not plead that he is being held illegally. Rather, he pleads that his increasing age and worsening physical condition since the time of his sentencing render his incarceration more onerous. In essence, he asks, in the guise of habeas relief, a reversal of the ruling of the sentence review board denying his request for reduction of his sentence. Where, as here, 42 U.S.C. § 1983 can be invoked as a means of raising constitutional claims concerning conditions of confinement, and where the legality of detention is not the claim, this court finds that its habeas jurisdiction is not properly invoked.
The motion to quash/dismiss count one of the petition is therefore granted.
1983 Claim
Claims of cruel and unusual punishment arising from prison CT Page 9997 facilities are properly raised by invocation of 42 U.S.C. § 1983. LaReau v. Manson, 651 F.2d 96, 101 (1981). The only specific relief that the plaintiff seeks with regard to his federal civil rights claim is modification of his sentence. The defendant asserts that such relief would require an assertion of jurisdiction over the Connecticut Board of Pardons and that this board is therefore a necessary party, without whom the court lacks jurisdiction pursuant to 152(3) P.B. A party is "necessary" if its presence is "absolutely required in order to assure a fair and equitable trial." Biro v. Hill, 214 Conn. 1, 6 (1990); Sturman v. Stocha, 191 Conn. 1, 7 (1983).
If a violation of the Eighth Amendment is found, a remedy can be fashioned without the participation of the pardons board. Though that board is an avenue to a decreased term of confinement, the respondent has not established that such relief is the exclusive remedy, and it is not a party necessary to the determination of the plaintiff's federal civil rights claims.
The motion to dismiss the second count of the complaint is denied.
Conclusion
The habeas corpus petition set forth in Count One is dismissed. The motion to dismiss the second count of the complaint, which invokes 1983, is denied. The petitioner is ordered to revise his complaint to conform to the general pleading requirements applicable to civil actions, and this case will proceed as a civil action, not as a habeas petition. CT Page 9998