## ANTHONY LOZADA *v.* WARDEN, STATE PRISON
## (14359)

PETERS, C. J., CALLAHAN, GLASS, BORDEN and BERDON, Js.

Argued March 25—decision released September 1, 1992

*James M. Ralls,* assistant state's attorney, with whom, on the brief, was *Edward Ricciardi,* assistant state's attorney, for the appellant (respondent).

*James J. Ruane,* special public defender, for the appellee (petitioner).

BERDON, J. The sole issue certified in this appeal is whether the Appellate Court was correct in concluding that the petitioner, Anthony Lozada, who had been convicted of a crime, was entitled to seek a writ of habeas corpus on the ground that his court appointed attorney in a previous habeas corpus proceeding had rendered ineffective assistance of counsel. *Lozada* v. *Warden,* 24 Conn. App. 723, 591 A.2d 1272 (1991). Addressing this issue, the respondent, the warden of the state prison, raises the following arguments: (1) there is no statutory right to effective assistance of habeas counsel; (2) the writ of habeas corpus is not an available remedy for ineffective assistance of habeas counsel; and (3) relitigation is barred on the grounds of res judicata. We affirm the judgment of the Appellate Court.

The petitioner pleaded guilty to the crime of felony murder in violation of General Statutes § 53a-54c[1] and,

---

[1] General Statutes § 53a-54c provides: "A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery, burglary, kidnapping, sexual assault in the first degree, sexual assault in the first degree with a firearm, sexual assault in the third degree, sexual assault in the third degree with a firearm, escape in the first degree, or escape in the second degree and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants, except that in any prosecution under this section, in which the defendant was not the only participant in the underlying crime, it shall be an affirmative defense

on December 9, 1983, the trial court, *DeMayo, J.,* sentenced him to imprisonment for a term of twenty-five years. On October 1, 1984, the petitioner filed his first petition for habeas corpus claiming ineffective assistance of trial counsel. He alleged that his trial counsel had been ineffective because he had failed: (1) to conduct an adequate investigation in order to establish the defense of intoxication; (2) to file a motion challenging the validity of the petitioner's confession; and (3) to consult with the petitioner and advise him of his rights. After a hearing, the habeas court, *Kaplan, J.,* dismissed the petition because the petitioner had failed to prove his allegations. An appeal from that dismissal was taken to the Appellate Court, which dismissed the appeal on June 2, 1988, due to the petitioner's failure to file his pro se brief.

On September 22, 1989, the petitioner filed a second petition for habeas corpus claiming ineffective assistance of *habeas* counsel.[2] The petitioner, in that petition, alleged that counsel at his first habeas hearing was ineffective because he had failed: (1) to depose or interview trial counsel; (2) to examine adequately trial counsel at the habeas hearing; (3) to develop adequately the facts at his trial; and (4) to develop his case and

that the defendant: (A) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (B) was not armed with a deadly weapon, or any dangerous instrument; and (C) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (D) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury."

[2] On July 30, 1986, the petitioner filed his second habeas corpus petition, which alleged that the petitioner was illegally confined because General Statutes § 53a-54c, the felony murder statute, was unconstitutional. The petitioner later abandoned that claim. Subsequently, he amended that petition on August 15, 1989, and again revised it on September 22, 1989, alleging that he had been deprived of effective assistance of counsel at his first habeas hearing.

to interview witnesses regarding his criminal case.[3] The court, acting on a motion filed by the respondent,[4] quashed the petition pursuant to Practice Book § 532[5] because, the court concluded, the petitioner could not challenge the effectiveness of habeas counsel through a second writ of habeas corpus. In the alternative, the court dismissed the petition pursuant to Practice Book § 531[6] because the petition was based on the same grounds as the first habeas petition.

---

[3] The petitioner's second revised petition for a writ of habeas corpus alleged in pertinent part: "2. The petitioner's imprisonment is illegal in that:

"a. the petitioner's counsel . . . failed to render effective assistance of counsel at the first habeas corpus proceeding in violation of [the] petitioner's sixth and fourteenth amendment rights when [counsel] unreasonably and prejudicially:

"(1) failed to properly and adequately prepare for the habeas corpus hearing in that he:

"a. failed to depose or in any other manner interview petitioner's trial counsel in preparation for the habeas hearing of January 25, 1985;

"b. failed to adequately examine petitioner's trial counsel during the hearing of January 25, 1985;

"c. failed to adequately determine and develop the petitioner's version of the facts of his criminal case;

"d. failed to adequately determine and develop the petitioner's version of why he was rendered ineffective assistance of counsel in [the petitioner's] criminal case;

"e. failed to interview relevant witnesses regarding [the petitioner's] criminal case;

"f. failed to interview relevant witnesses regarding [the] petitioner's legal representation in his criminal case;

"g. failed to adequately utilize available means of discovery."

[4] The respondent originally filed a motion to dismiss under Practice Book § 531; see footnote 6, infra; but the parties agreed to treat the motion as both a motion to dismiss and as a motion to quash under Practice Book § 532. See footnote 5, infra.

[5] Practice Book § 532 provides: "The sufficiency of the petition on which the writ was granted and the propriety of the issuance of the writ may be tested, before a return is filed, by a motion to quash. On such a motion the allegations of the petition are deemed admitted. The motion to quash is not a means by which to test the legal sufficiency of the facts alleged in a return or the answer to the return."

[6] Practice Book § 531 provides: "If the petitioner has filed a previous application, it and the action taken thereon shall be summarily described in the pending application. If a previous application brought on the same grounds

The Appellate Court reversed, concluding that the petitioner could seek a writ of habeas corpus on the grounds of ineffective assistance of habeas counsel. *Lozada* v. *Warden,* supra, 729. We granted certification to appeal on the following question: "Was the Appellate Court correct in concluding that the petitioner was entitled to seek a writ of habeas corpus on the ground that his attorney in his prior habeas corpus proceeding rendered ineffective assistance of counsel?" *Lozada* v. *Warden,* 220 Conn. 907, 597 A.2d 334 (1992). We agree with the Appellate Court.

I

The crux of the respondent's appeal is that there is no right to effective assistance of habeas counsel because there is no statutory reference to the qualifications of counsel and, therefore, no remedy is available should counsel prove ineffective. We disagree.

The right to effective assistance of counsel is predicated on the statutory right to habeas counsel pursuant to General Statutes § 51-296,[7] which provides for the appointment of counsel for an indigent person "in any habeas corpus proceeding arising from a criminal matter . . . ." It would be absurd to have the right to appointed counsel who is not required to be competent. "[C]ounsel should be appointed in post conviction matters . . . . When counsel is so appointed he must be

was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing."

[7] General Statutes § 51-296 (a) provides in relevant part: "In any criminal action, in any habeas corpus proceeding arising from a criminal matter, in any extradition proceeding, or in any delinquency matter, the court before which the matter is pending shall, if it determines after investigation by the public defender or his office that a defendant is indigent as defined under this chapter, designate a public defender, assistant public defender or deputy assistant public defender to represent such indigent defendant . . . ."

effective and competent. Otherwise, the appointment is a useless formality." *Cullins* v. *Crouse,* 348 F.2d 887, 889 (10th Cir. 1965); see *United States* v. *Wren,* 682 F. Sup. 1237, 1241–42 (S.D. Ga. 1988) (an indigent federal probationer's statutory right to appointed counsel at a probation revocation hearing under 18 U.S.C. § 3006A (a) (1) (C) "would be meaningless if it did not embody a requirement that counsel be effective as well as merely present"). Indeed, § 51-296 would become an empty shell if it did not embrace the right to have the assistance of a competent attorney.

Although cloaked in constitutional garb, the reasoning and logic of *State* v. *Anonymous,* 179 Conn. 155, 425 A.2d 939 (1979), is persuasive. In that case, which involved the termination of parental rights, we held that "[w]here, however, as here, a statute . . . or practice book rule . . . mandates the assistance of counsel, it is implicit that this means competent counsel." Id., 160; see *In re Alexander V.,* 223 Conn. 557, 569–70, 613 A.2d 780 (1992). Accordingly, we agree with the Appellate Court and reject this claim by the respondent.

## II

The respondent next argues that because the petitioner predicates his claim solely on the *statutory* right to counsel, the remedy of habeas corpus is not available.[8] In other words, the respondent claims that the

---

[8] We agree with the respondent that the petitioner possesses no federal constitutional right to counsel in a habeas corpus proceeding. *Pennsylvania* v. *Finley,* 481 U.S. 551, 559, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). Furthermore, although our state constitution provides for the right to bring a petition for a writ of habeas corpus; Conn. Const., art. I, § 12; and the right to counsel; Conn. Const., art. I, § 8; the petitioner did not raise any state constitutional claims in the second habeas petition, in the Appellate Court, or as an alternative ground upon which to confirm the Appellate Court's judgment pursuant to Practice Book § 4013 (a) (1). Accordingly, we will not review the constitutional issues under our state constitution. *State* v. *Genotti,* 220 Conn. 796, 812, 601 A.2d 1013 (1992).

writ of habeas corpus is reserved solely for claims arising under the constitution. We disagree.

We have held that the writ of habeas corpus is available as a remedy for a "miscarriage of justice or other prejudice." *D'Amico* v. *Manson,* 193 Conn. 144, 156, 476 A.2d 543 (1984); see *Delevieleuse* v. *Manson,* 184 Conn. 434, 439 A.2d 1055 (1981) (review through a petition for habeas corpus the statutory right to appropriate "jail credit"). As this court stated in *Bunkley* v. *Commissioner of Correction,* 222 Conn. 444, 460–61, 610 A.2d 598 (1992), the "principal purpose of the writ of habeas corpus is to serve as 'a bulwark against convictions that violate "fundamental fairness." ' *Engle* v. *Isaac,* 456 U.S. 107, 126, 102 S. Ct. 1558, 71 L. Ed. 2d 783 [reh. denied, 456 U.S. 1001, 102 S. Ct. 2286, 73 L. Ed. 2d 1296] (1982), quoting *Wainwright* v. *Sykes,* 433 U.S. 72, 97, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977) (Stevens, J., concurring). This court has taken the same view. 'To mount a successful collateral attack on his conviction a prisoner must demonstrate a miscarriage of justice or other prejudice and not merely an error which might entitle him to relief on appeal. *Hill* v. *United States,* 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417, reh. denied, 369 U.S. 808, 82 S. Ct. 640, 7 L. Ed. 2d 556 (1962).' *D'Amico* v. *Manson,* [supra, 156–57]; see also *Bowers* v. *Warden,* 19 Conn. App. 440, 441, 562 A.2d 588, cert. denied, 212 Conn. 817, 565 A.2d 534 (1989)." Indeed, just recently this court, in *Safford* v. *Warden,* 223 Conn. 180, 191 n.13, 612 A.2d 1161 (1992), put the issue to rest when it recognized that the great writ of liberty is not a remedy for constitutional violations exclusively, albeit most cases in which the remedy has been applied involve issues of fundamental fairness that implicate constitutional rights. Surely, fundamental fairness opens the door for relief by habeas corpus when the state, in discharging its statutory duty, appoints incompetent counsel.

Furthermore, the statutory right to competent trial counsel; *Aillon* v. *Meachum,* 211 Conn. 352, 559 A.2d 206 (1989); and appellate counsel; *Valeriano* v. *Bronson,* 209 Conn. 75, 546 A.2d 1380 (1988); under § 51-296, has been the subject of habeas corpus proceedings on numerous occasions. See, e.g., *Bunkley* v. *Commissioner of Correction,* supra; *Fair* v. *Warden,* 211 Conn. 398, 559 A.2d 1094, cert. denied, 493 U.S. 981, 110 S. Ct. 512, 108 L. Ed. 2d 514 (1989). The procedure for testing the competency of appointed counsel under § 51-296—whether it be trial or appellate—by way of habeas corpus proceedings is so embedded in our jurisprudence that its availability is now beyond debate. Indeed, in *State* v. *Leecan,* 198 Conn. 517, 542, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986), we held that the claim of ineffective assistance of counsel *must* be resolved in a habeas corpus proceeding. Accordingly, we reject the respondent's argument that nonconstitutional claims cannot be raised and remedied by way of habeas corpus proceedings.

The respondent also argues that the writ is available only to attack the validity of the underlying criminal judgment or to challenge a wrongful confinement. See 1 Z. Swift, A Digest of the Laws of the State of Connecticut (1862) c. XI, § IV, p. 581 (a writ of habeas corpus could be granted "in all cases where any person is restrained of his liberty by imprisonment . . . by any process or way not warranted by law; or when he is unlawfully confined, or wrongly deprived of his liberty by a private person"); 3 W. Blackstone, Commentaries on the Laws of England (1898) § 4, p. 1127 (writ of habeas corpus remedy for "all manner of illegal confinement"). The writ of habeas corpus, as it is employed in the twentieth century, however, does not focus solely upon a direct attack on the underlying judgment or upon release from confinement. See, e.g., *Gaines* v. *Man-*

*son,* 194 Conn. 510, 481 A.2d 1084 (1984) (undue appellate delay); *Arey* v. *Warden,* 187 Conn. 324, 445 A.2d 916 (1982) (conditions of confinement); *Roque* v. *Warden,* 181 Conn. 85, 434 A.2d 348 (1980) (first amendment issues); *Negron* v. *Warden,* 180 Conn. 153, 429 A.2d 841 (1980) (state's extradition practice); *Doe* v. *Doe,* 163 Conn. 340, 307 A.2d 166 (1972) (custody and visitation disputes). Although we have not resolved the precise limits of its scope for challenges that do not involve release; *Sanchez* v. *Warden,* 214 Conn. 23, 34, 570 A.2d 673 (1990); we need not delve into that quagmire to resolve this case.

In this case, the subject of the writ—that is, whether the accused had reasonably competent habeas and trial counsel—are matters that ultimately challenge the underlying conviction. The respondent does not question that if this were the petitioner's first habeas corpus petition, he would be entitled to challenge the competency of his trial attorney, even though the petitioner's success would lead only to a new trial. See, e.g., *Johnson* v. *Commissioner of Correction,* 222 Conn. 87, 608 A.2d 667 (1992). Also, it is beyond dispute that the great writ may be used as a vehicle to challenge the competency of appellate counsel, even though granting the writ would likewise not result in release, but only in a new trial. See, e.g., *Valeriano* v. *Bronson,* supra.

The same is true in the present case. To succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his trial counsel was ineffective. "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense. . . . Unless a defendant makes both showings, it cannot be

said that the conviction . . . resulted from a break-down in the adversary process that renders the result unreliable. *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh. denied, 467 U.S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984); *Aillon* v. *Meachum,* [supra, 357]." (Internal quotation marks omitted.) *Williams* v. *Warden,* 217 Conn. 419, 422, 586 A.2d 582 (1991). Only if the petitioner succeeds in what he admits is a herculean task will he receive a new trial. This new trial would go to the heart of the underlying conviction to no lesser extent than if it were a challenge predicated on ineffective assistance of trial or appellate counsel. The second habeas petition is inextricably interwoven with the merits of the original judgment by challenging the very fabric of the conviction that led to the confinement. Accordingly, we reject the respondent's claim that habeas corpus is not an appropriate remedy for ineffective assistance of appointed habeas counsel.[9]

## III

The respondent raises the claim that res judicata prohibits a second habeas proceeding because the issue of ineffective assistance of trial counsel was already litigated in the first habeas proceeding. Moreover, the respondent argues, Practice Book § 531[10] requires dismissal. We disagree.

First, the United States Supreme Court has long held that the strict application of the doctrine of res judicata should not control successive petitions for habeas corpus. "In *Salinger* v. *Loisel,* [265 U.S. 224, 44 S. Ct.

---

[9] The respondent claims that the proper remedy for a claim of ineffective assistance of habeas counsel is a petition for a new trial under General Statutes § 52-270. Whether that is an additional remedy; see *Palverari* v. *Finta,* 129 Conn. 38, 26 A.2d 229 (1942) (denial of a new trial under § 52-270 due to negligence of attorney); we need not address at this time.

[10] See footnote 6, supra.

519, 68 L. Ed. 989 (1924)], we held that in the federal courts the doctrine of res judicata does not apply to a refusal to discharge a prisoner on habeas corpus; but that in those courts, where the prisoner presents a second petition, the weight to be given to the prior refusal is to be determined according to a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the subject." *Wong Doo* v. *United States,* 265 U.S. 239, 240, 44 S. Ct. 524, 68 L. Ed. 999 (1924).

We agree with the Appellate Court that the second habeas petition is not predicated on the same issues addressed in the first petition. Although the petitioner must, by necessity, repeat his allegations of trial counsel's inadequacy, there may never have been a proper determination of that issue in the first habeas proceeding because of the allegedly incompetent habeas counsel. The claim of ineffective assistance of habeas counsel, when added to the claim of ineffective assistance of trial counsel, results in a different issue.

Second, the plain language of § 531 would not require dismissal of the second habeas petition. "The language of § 531 is clear on its face and prescribes that trial courts may dismiss a second application without a hearing *only* if that application asserts the same grounds and fails to state new facts or proffer new evidence not reasonably available to the petitioner at the hearing on his previous application. The necessary implication of this prescription is that if different grounds are asserted, a hearing on the second application is indicated. It is also clear that in this context 'ground' must mean a 'sufficient legal basis for granting the relief sought.' *Sanders* v. *United States,* 373 U.S. 1, 16, 83 S. Ct. 1068, 10 L. Ed. 2d 148 [1962]." (Emphasis added.) *Negron* v. *Warden,* supra, 158. In this case, asserting ineffective assistance of appointed *habeas* counsel is a new ground. "[S]hould doubts arise in par-

ticular cases as to whether two grounds are different or the same, they should be resolved in favor of the applicant." (Internal quotation marks omitted.) Id., 165–66.[11]

We hold that the Appellate Court properly concluded that a person convicted of a crime is entitled to seek a writ of habeas corpus on the ground that his attorney in his prior habeas corpus proceeding rendered ineffective assistance.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[11] Lastly, the respondent sounds an alarm that the Appellate Court's decision will open the floodgates for successive and unlimited petitions for habeas corpus on the basis of ineffective assistance of habeas counsel. That is not this case. Moreover, we addressed the same basic concerns in *Negron* v. *Warden,* 180 Conn. 153, 166 n.6, 429 A.2d 841 (1980). Our reasons for not subscribing to the respondent's "pessimism," and the availability to the court of restrictive measures referred to therein, remain the same today.