[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner Donald Utz has brought two habeas petitions, claiming in each action that he was rendered the ineffective assistance of counsel in prior habeas petitions. On October 8, 1996, after both petitions had been consolidated for trial purposes, the court conducted an evidentiary hearing at which the court heard oral testimony and received documentary evidence, including the transcripts of the petitioner's underlying criminal trial as well as his prior habeas hearing. Based on the evidence CT Page 7396 adduced at the hearing, the court makes the following findings and order.
On May 12, 1983, following a jury trial before Judge William Lavery, the petitioner was convicted of the offenses of Murder in violation of Connecticut General Statutes § 53a-54a, Attempted Murder in violation of C.G.S. § 53a-49 and §53a-54a, and the Unlawful Possession of a Weapon in a Motor Vehicle in violation of C.G.S. § 29-38. In this trial, the petitioner was represented by (then) Attorney George Thim. The State was represented by State's Attorney Walter Flanagan.
The petitioner's conviction was upheld on direct appeal to the Connecticut Supreme Court. State v. Utz, 201 Conn. 190
(1986). The petitioner is currently an inmate in the custody of the Commissioner of Corrections serving the sentence imposed on him.
Following his conviction, the petitioner also filed a Petition for a New Trial which, following an evidentiary hearing, was denied by Judge Lavery on March 25, 1986. In his Petition for a New Trial, the petitioner was represented by Attorney Paul Deluca, who had been appointed as a special public defender for the new trial petition by Judge Lavery.
The petitioner also filed numerous habeas corpus petitions attacking his conviction. Additionally, he filed habeas proceedings claiming that certain of his rights had been denied to him in connection with the Petition for a New Trial. Over a period of several days commencing on October 9, 1990, the habeas court, Judge Karazin presiding, conducted an evidentiary hearing on the various habeas petitions brought by Mr. Utz and then pending before the court. While some of the petitioner's prior petitions had been withdrawn prior to the hearing, the consolidated habeas hearing dealt with the petitions then bearing the following docket numbers: CV90-0107817S; CV90-0107821S; and, CV90-0107820S.
On March 27, 1991, Judge Karazin issued two written decisions, one in Docket CV90-0107820S dealing with the petitioner's claim that he was denied the effective assistance of counsel at his criminal trial, and the other in Dockets CV90-0107817S and CV90-0107821S dealing with the petitioner's claims that he was denied certain constitutional rights in post trial proceedings, including a claim that he was denied the CT Page 7397 effective assistance of counsel in regard to perfecting his right to appeal from the court's denial of his Petition for a New Trial. In each instance, Judge Karazin found for the respondent and dismissed the habeas petition. cf. Respondent's Exhibit A, Memorandum of Decision dated March 27, 1991; Respondent's Exhibit B, Memorandum of Decision dated March 27, 1991.
At the habeas hearing, before Judge Karazin, the petitioner was represented by special public defenders John Imhoff, Esq., and Francis Discala, Esq. The respondent warden was represented by Assistant State's Attorney Brian Cotter.
As a general statement of law, in order for a petitioner to succeed in a claim that he has was denied the effective assistance of counsel in criminal proceedings, he has the burden of proving both that his trial counsel's performance was deficient and that he was actually prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668
(1984); Bunkley v. Commissioner, 222 Conn. 444 (1992); Copas v.Commissioner, 234 Conn. 139 (1995).
The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the Federal Constitution and by Article First, Section 8 of the Connecticut Constitution. In order to prove that his counsel's performance was deficient, the petitioner must demonstrate that trial counsel's representation fell below an objective standard of reasonableness. Allion v. Meachum, 211 Conn. 352 (1989). Competent representation is not to be equated with perfection. "The constitution guarantees only a fair trial and a competent attorney; it does not ensure that every conceivable constitutional claim will be recognized and raised." Jeffrey v.Commissioner, 36 Conn. App. 216 (1994) (citations omitted). "Defense counsel's performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." (Citations omitted; internal quotation marks omitted). Johnson v. Commissioner,36 Conn. App. 695 (1995).
The Strickland court also gave guidance to the trial bench for its assessment of ineffective claims. The Supreme Court opined: "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's CT Page 7398 defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy'. . . [C]counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citations omitted) Strickland v.Washington, supra, 466 U.S. 689-90. Quintana v. Warden, 220 Conn. 1
(1991); Williams v. Warden, 217 Conn. 419 (1991); Jeffrey v.Commissioner, 36 Conn. App. 216 (1994).
With respect to the prejudice component of the Strickland
test, the petitioner must demonstrate that, ". . . counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v.Washington, supra, 466 U.S. 687. Thus, "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id, 691. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings." Id., 693. Rather, a successful petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Copas v. Commissioner,234 Conn. 139 (1995). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v.Washington, supra, 466 U.S. 694. "When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." Fair v. Warden,211 Conn. 398, 408 (1989); Jeffrey v. Commissioner, 36 Conn. App. 216
(1994).
While a petitioner's right to counsel in a habeas proceeding is statutory and not of constitutional magnitude, the petitioner is nonetheless entitled to have the assistance of a competent attorney in the pursuit of habeas relief. Lozada v. Warden,
CT Page 7399223 Conn. 834 (1992). Furthermore, the claim by a petitioner that he was denied the effective assistance of counsel in a habeas petition may be asserted through a successive petition. Id., 841. The petitioner's task, however, is substantial. Since the foundational issue in this habeas petition is whether the petitioner's underlying conviction and resulting incarceration are unlawful, the petitioner must prove both that his habeas counsel and his trial counsel were ineffective. Id., 842. A review of the transcripts of the underlying criminal trial and habeas hearing, coupled with the evidence adduced at the present habeas hearing, fails to persuade the court of the merits of the petitioner's claims.
By Second Amended Petition dated December 17, 1993, the petitioner has alleged that his prior habeas counsel failed to adequately investigate and/or present evidence at the habeas hearing before Judge Karazin concerning the petitioner's claims that trial counsel was ineffective, that there had been prosecutorial misconduct during the trial, that the trial judge should have been asked to recuse himself, that trial counsel's performance was below the standard of reasonable competence of criminal defense attorneys of ordinary skill and training, that habeas counsel did not adequately present available evidence that but for trial counsel's errors there was a reasonable probability that the results of the criminal trial would have been different, and that habeas counsel did not adequately present, brief, and/or preserve the Petitioner's claims that his trial counsel had been ineffective.
At the hearing on this petition on October 8, 1996, the petitioner called Dale King, Esq. as an expert witness. Attorney King testified that he has engaged in the practice of law for eleven years, that he has represented defendant's in criminal jury cases, and that he has previously testified as an expert in habeas proceedings. Prior to his testimony, Atty. King reviewed the transcript of the criminal trial and portions of the habeas trial transcript. Attorney King asserted that (then) Atty. Thim erred at the criminal trial by presenting two incompatible defenses. It was Atty. King's view that (then) Atty. Thim had presented, as defenses, both an insanity defense as well as intoxication. Atty. King is mistaken. A review of the criminal trial transcript reveals that (then) Atty. Thim presented, as an affirmative defense, the claim that Mr. Utz lacked criminal responsibility by reason of a mental disease or defect. (Petitioner's Exhibit 1b, Trial Transcript (T), April 28, 1983, CT Page 7400 p. 30) The issue of intoxication, however, was introduced by the State through its examination of State's witnesses. (cf. Petitioner's Exhibit 1b, T. 41, April 28, 1983; T. 20-25, May 3, 1983; T. 72, May 4, 1983; T. 49, May 5, 1983).
Additionally, habeas counsel presented evidence to the habeas court in furtherance of the petitioner's claim that it was ineffective for (then) Atty. Thim to have asserted the inconsistent defenses of non responsibility by reason of mental disease or defect and intoxication. It is evident, from a reading of Judge's Karazin's decision that the habeas court considered and rejected this claim at the habeas trial. The petitioner's evidence before this court on this point provides no further persuasive illumination.
Atty. King testified also that it was ineffective for habeas counsel not to have presented expert testimony on the issue of the effectiveness of trial counsel at the habeas hearing before Judge Karazin. Atty. King asserted a belief that the Connecticut Supreme Court has stated that in a habeas petition based on a claim of ineffectiveness of counsel a petitioner should present expert testimony. To the contrary, the Appellate Court has explicitly ruled out as a general requirement the notion that expert testimony must be presented in every case based on a claim of ineffective assistance of counsel. cf. Evans v. Warden,29 Conn. App. 274 (1992) wherein the court determined that the habeas court had improperly concluded that, as a general principle of law, expert testimony is required to establish ineffective assistance of counsel. More recently, the Appellate Court has opined that ". . . Whether expert testimony is required in a particular case is determined on a case-by-case basis and its necessity is dependent on whether the issues are of sufficient complexity to warrant the use of the testimony as assistance to the habeas court . . . It is the habeas court, therefore, that must initially decide whether, in order to make intelligent findings, it needs expert testimony on the question that it must decide." (citations omitted) Johnson v.Commissioner, 34 Conn. App. 153 (1994). In this case, while Judge Karazin, in his Memorandum of Decision, noted the absence of expert testimony on the question of ineffectiveness, the court did not express any inability to determine the issue. Furthermore, since this court has had the benefit of expert testimony during the October 6, 1996 hearing, the court is unpersuaded that the presentation of such expert testimony would have altered the habeas trial outcome. CT Page 7401
At the habeas hearing, the petitioner also asserted that (then) Atty. Thim was ineffective for not having interviewed fact witnesses concerning his mental and emotional state prior to the shooting, and his prior habeas attorneys were ineffective for not having presented such witnesses to the habeas court in order that the court might assess the likely impact of their testimony on the criminal trial jury. During the initial habeas hearing (then) Atty. Thim testified that the petitioner had given him a list of individuals whom he believed would testify concerning his mental and emotional state prior to the shooting. Petitioner's Exhibit 2d, T. 53-57, November 6, 1990. He also testified concerning efforts he and his office made to contact these witnesses and the basis of his decision regarding whether to call any or all of these individuals to testify at the criminal trial. Petitioner's Exhibit 2e, T. 74 et seq., November 6, 1990. Additionally, this issue was thoroughly presented at the habeas hearing and discussed by Judge Karazin in his decision. The habeas hearing before this court provides no basis for a determination at variance with Judge Karazin's conclusions on this issue.
One of the issues raised by the petitioner at his habeas hearing before Judge Karazin was that counsel appointed for him in his Petition for a New Trial had failed to adequately preserve his ability to appeal from the court's adverse decision. To explore this claim, prior habeas counsel had consulted with (then) Attorney Joette Katz who provided advice to counsel concerning steps which could have been taken by trial counsel to restore the petitioner's right to seek appellate redress from the trial court's decision. At the habeas hearing (then) Atty. Katz, having then been appointed to the Superior Court bench, gave testimony concerning the advice she had given habeas counsel regarding this issue. No further probative evidence regarding trial counsel's failure to preserve the petitioner's appellate remedies from the denial of his Petition for a New Trial was adduced at the October 6, 1996 hearing. Nor was there any further probative evidence of measures prior habeas counsel should have, but failed to take in regard to this issue.
The balance of the evidence presented at the October 6, 1996 habeas hearing was, in fact, a rehashing of the evidence already presented before and considered by Judge Karazin. Thus, the petitioner claimed that (then) Atty. Thim should have objected to allegedly improper remarks made by State's Attorney Flanagan to the jury; that he should have moved to recuse Judge Lavery CT Page 7402 because he had, at an earlier point in time, shared office space with State's Attorney Flanagan; that the psychiatrist (then) Attorney Thim employed on behalf of the petitioner was not adequately credentialed; and, that he did not adequately prepare the petitioner for trial. On these issues, the evidence presented at this habeas hearing was, at best, a reworking of the evidence already presented to Judge Karazin. While there was some evidence at the October 6, 1996 habeas hearing that the petitioner had told his prior habeas counsel that he had informed (then) Atty. Thim that the trajectory evidence concerning the fatal shooting was flawed, habeas counsel testified that this issue was not advanced at the habeas hearing before Judge Karazin because counsel determined it was not worth pursuing. At the October 6, 1996 hearing, the petitioner offered no persuasive evidence that this exercise of judgment was flawed.
Having reviewed the pertinent transcripts, as well as the testimony adduced at the October 6, 1996 hearing, the court finds that the petitioner has failed to reached the first plateau necessary to establish his claim. He has failed to establish that his prior habeas counsel performed inadequately. Indeed, it is the court's view that prior counsel pursued the petitioner's claims with high competence, professionalism and vigor. For the reasons stated, the petitions are dismissed.
BISHOP, j.