[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
In 1991, the petitioner William Daugaard was convicted of the crime of Sexual Assault in the 1st Degree and sentenced to a twenty year term of imprisonment. In 1998, the legislature passed what has been codified as Conn. Gen. Stat. § 54-250, since amended by P.A. 99-183, requiring felons such as the petitioner to give DNA samples and to submit to certain personal identification and registration procedures. CT Page 10370
The petitioner brings this action praying for a writ of habeas corpus against the respondent warden. The petitioner claims that the respondent is subjecting him to unlawful confinement because of the threat of disciplinary action if the petitioner fails to comply with the mandates of the registration statute. The petitioner claims that the statute is unconstitutional because it compels him to undergo an unlawful search[1]
and because it exacts an ex post facto penalty.[2]
The respondent has moved to dismiss the action on three grounds: (1) that part of the petitioner's case is moot, (2) that part of the case is not ripe for adjudication, and (3) that all of the case states no claim under Connecticut's law of habeas corpus.
A word must first be said about the grounds that may be asserted in a motion to dismiss a prisoner habeas corpus action. Unlike the motion to dismiss authorized by Conn. P. B. § 10-30, which deals with lack of subject matter jurisdiction or lack of jurisdiction over the person, the motion to dismiss a habeas corpus action may raise the failure of the petition to state a claim upon which habeas corpus relief can be granted. Conn. P. B. § 23-29. Therefore a motion to dismiss in a habeas corpus action can properly raise grounds such as might otherwise be raised by way of a motion to strike, see P. B. § 10-39, or a motion for summary judgment, P. B. § 17-44. Also P. B. § 23-29 specifically permits as grounds to dismiss that the assertions in the petition are moot or premature.
The petitioner's assertions are that he was or is likely to be subject to discipline by the respondent if he is steadfast in his refusal to submit a DNA sample or to provide identifying information, such as a recent photograph and his residence address upon his discharge from the custody of the Department of Correction. After the petitioner filed this action, he allowed the respondent to collect a blood sample for DNA analysis, and, in consideration, a prior disciplinary ticket was expunged from his Correction Department record. This first claim of the petitioner is clearly moot.
What remains then is the petitioner's claim regarding jeopardy for failure to supply registration information. The respondent responds that any jeopardy to the petitioner for refusing to give registration information — usually collected in the weeks just prior to discharge — is nearly a decade away and is thus not ripe for adjudication. The respondent further submits that none of this really involves a deprivation of constitutional rights as a result of or during the petitioner's confinement by the respondent, but rather is an end run around the more orderly requirements of a civil rights lawsuit against the state and its agencies under 42 U.S.C. § 1983. CT Page 10371
A reading of current case law regarding prisoner petitions in Connecticut supports this view. An inmate may properly use a habeas petition to challenge confinement that violates his rights under theEighth Amendment. See Lozada v. Warden, 223 Conn. 834 (1992). But no case law supports the position that every prisoner claim of a civil rights deprivation by the State of Connecticut translates into a cognizable habeas petition against the Commissioner of Correction or his agents. See, Devon Smith v. State Prison Warden, DN CV 98-0002714, Judicial District of Tolland at Rockville, April 27, 1999 (Zarella, J.).
In fact in the petitioner's claim here — that the sex offender registration statutes are unconstitutional — the very statutes that he challenges are ones that do not appear to implicate the Commissioner of Correction at all. Conn. Gen. Stat. Sec. 54-256 compels the Commissioner of Correction to collect data from those soon to be released from his custody, "except a person being released unconditionally at the conclusion of his sentence or commitment. . . ." Rather it is the Department of Public Safety that has virtually all of the responsibility under the statutory scheme to insure registration requirements or to seek a warrant for an individual's failure to comply. It is as likely as not that the petitioner will serve his entire sentence and be subject to unconditional release at the end of petitioner's sentence, in which case the Commissioner is not permitted to take any adverse action against the petitioner for failure to supply registration information.
That being the case, the claims of the petitioner against the respondent fail to state a claim on which relief can be granted. Accordingly the petition is dismissed.
Patty Jenkins Pittman, Judge