[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
The petitioner brought this habeas action seeking an "immediate mandatory injunction and restraining order with a declaratory statement." The gist of the petitioner's assertions is that the respondent is depriving him of his basic civil rights and causing him irreparable harm CT Page 4513 by denying him a "level reduction" from level four (4) to level three (3) or level two (2).
On February 6, 2002, the respondent filed a motion to dismiss the instant action, asserting that this Court is without subject matter jurisdiction for reason that the requested relief is beyond the jurisdiction of the habeas court.
Section 23-29 of the Connecticut Practice Book concerns dismissals of habeas corpus actions. This section provides that:
 The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:
(1) the court lacks jurisdiction;
 (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;
 (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition;
 (4) the claims asserted in the petition are moot or premature;
 (5) any other legally sufficient ground for dismissal of the petition exists.
 In evaluating a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiffs] favor. . . . Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544, 548, 447 A.2d 406 (1982)." (Internal quotation marks omitted.) New England Savings Bank v. Bedford Realty Corp., 246 Conn. 594, 608, 717 A.2d 713
(1998).
 Thomas v. West Haven, 249 Conn. 385, 392 (1999). CT Page 4514
The petitioner in the instant action has alleged that the respondent has failed to transfer him from his placement on the high security risk level at the Cheshire Correctional Institution by the Department of Corrections. For the purposes of this motion the Court will view this matter in the best light of the petitioner and assume that the facts are true as plead.
The relief that the petitioner is seeking its to have his security risk status changed so that he can be placed on level two or three. The respondent asserts that the relief that is sought cannot be obtained via a petition of habeas corpus.
 The scope of relief available through a petition for habeas corpus is limited. In order to invoke the trial court's subject matter jurisdiction in a habeas action, a petitioner must allege that he is illegally confined or has been deprived of his liberty. Our Supreme Court found that "[t]he writ of habeas corpus, as it is employed in the twentieth century, however, does not focus solely upon a direct attack on the underlying judgment or upon release from confinement"; Lozada v. Warden, 223 Conn. 834, 841, 613 A.2d 818 (1992); but is available as a remedy for issues of fundamental fairness implicating constitutional rights. Id., 840; see also Arey v. Warden, 187 Conn. 324, 445 A.2d 916 (1982) (claims concerning conditions of confinement may be brought in habeas corpus proceeding). This court has similarly recognized that "the well established precepts of illegal detention and deprivation of constitutional rights remain the touchstones of [habeas corpus] jurisdiction." Vincenzo v. Warden, 26 Conn. App. 132, 138 n. 4, 599 A.2d 31 (1991). We must therefore determine whether the petitioners have alleged sufficient facts to constitute the deprivation of a legally recognized constitutional right.
 Santiago v. Commissioner of Correction, 39 Conn. App. 674, 679 (1995).
As was previously stated, the petitioner in this matter seeks to have his security level changed.
. . . [I]t is well settled law that prisoners have no constitutionally protected interest or federally protected right in their classification. In Pugliese v. Nelson, 617 F.2d 916, 925 (2d Cir. 1980), the CT Page 4515 Second Circuit Court of Appeals which covers Connecticut rejected the claim that classification decisions are protected by due process . . .
 Further, an inmate has no liberty interest in a particular security classification. Wheway v. Warden, 215 Conn. 418, 430-31 (1990).
 Tart v. Commissioner of Corrections, Conn., 2001 Ct. Sup. 9114, 9116 (Jul. 7, 2001) (Rittenband, JTR)
Whereas, the petitioner does not have a liberty interest in a particular security classification, the respondent's failure or refusal to change said status does not deprive the petitioner of a legally recognized constitutional right. The petition fails to state a claim upon which habeas relief may be granted. Furthermore this Court lacks jurisdiction to grant the petitioner the relief that he seeks, the respondent's motion to dismiss is therefore granted.
 ___________________ Richard A. Robinson, J April 8, 2002