[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION #106 MOTION TO DISMISS
The petitioner brought this habeas action asserting that:
 "A blood sample was illegally and improperly taken from me. The requirement does not apply to me because of the supposed crime/offense date. Ex post facto laws . . .
The petitioner further states that he is asking the Court to:
"Destroy and discard the blood and DNA samples."
On April 24, 1998, the petitioner was convicted of the following offenses:
1. § 53a-70 (a)(1) C.G.S., Sexual Assault in the First Degree.
The mittimus indicates that the date that the offense took place was December 1991. Section 54-102g of the Connecticut General Statutes concerns the requirement that blood samples be taken from certain sexual offenders for DNA analysis. Subsection 54-102g (a) of this statute provides that:
 Any person who is convicted of a criminal offense against a victim who is a minor, a nonviolent sexual offense or a sexually violent offense, as those terms are defined in section 54-250, or of a felony found by the sentencing court to have been committed for a CT Page 6149 sexual purpose as provided in section 54-254, and is sentenced to the custody of the Commissioner of Correction shall, at any time prior to release from custody, have a sample of such person's blood taken for DNA (deoxyribonucleic acid) analysis to determine identification characteristics specific to the person.
The petitioner asserts that the provisions of § 54-102g C.G.S. are not applicable to him for reason that the dates of the offenses were prior to the effective date of the enactment of the subject statute.
On January 4, 2002, the respondent filed a motion to dismiss the habeas petition asserting that this matter is moot for reason that the subject blood sample is no longer in within the custody of the Department of Correction. The respondent also asserts that this Court is without jurisdivtion to grant to relief requested.
Section 54-102h C.G.S. concerns the procedure for withdrawal of blood sample for DNA analysis. This statute provides that:
 (a) Each sample required pursuant to section 54-102g
from persons who are to be incarcerated shall be withdrawn at the receiving unit or at such other place as is designated by the Department of Correction . . .
 (b) . . . The steps set forth in this section relating to the taking, handling, identification and disposition of blood samples are procedural and not substantive. Substantial compliance therewith shall be deemed to be sufficient. The samples shall be transported to the Division of Scientific Services within the Department of Public Safety not more than fifteen days following withdrawal and shall be analyzed and stored in the DNA data bank in accordance with sections 54-102i and 54-102j. (emphasis added)
The respondent asserts that more than fifteen days have elapsed since the filing of the petition and therefore more than fifteen days have elapsed since the taking of the sample. In apparent reliance on the "fifteen days" provision of § 54-102h (b) C.G.S., the respondent asserts that the Department of Correction does not have possession and control of the sample and is therefore unable to provide the requested relief. However, the respondent has not provided any evidence by way of testimony, affidavits or other evidence to support this assertion. CT Page 6150
Section 23-29 of the Connecticut Practice Book concerns dismissals of habeas corpus actions. This section provides that:
The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:
(1) the court lacks jurisdiction;
 (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;
 (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition;
(4) the claims asserted in the petition are moot or premature;
 (5) any other legally sufficient ground for dismissal of the petition exists.
The respondent in the instant action asserts that the habeas petition is moot:
 . . . [M]ootness implicates a court's subject matter jurisdiction; Sadlowski v. Manchester, 206 Conn. 579, 583, (1988).
 Board of Education v. Naugatuck, 257 Conn. 409, 412 (2001).
Although the respondent cites the subject statute for the proposition that it does not have possession of the sample, this fact is not apparent on the record and the court may not simply assume that the respondent has followed the time periods cited in the statute. This is especially so where the respondent is not required to adhere to the black letter of the statute, but the spirit of the legislation by "substantial compliance" with its mandates.
 In evaluating a motion to dismiss, [t]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiffs] favor. . . . Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., 187 Conn. 544, 548, 447 A.2d 406 (1982)." (Internal CT Page 6151 quotation marks omitted.) New England Savings Bank v. Bedford Realty Corp., 246 Conn. 594, 608, 717 A.2d 713
(1998).
 Thomas v. West Haven, 249 Conn. 385, 392 (1999).
The petitioner in the instant action has alleged "a blood sample was illegally and improperly taken from [him]." He moves this court to order the respondent to "destroy and discard the blood and DNA samples." The respondent has not submitted any evidence in support of its assertion that the Department of Corrections has complied with the provisions of the aforementioned statute and is not in possession of the subject sample. Whereas there is no evidence to the contrary, this court must take the petition as being true and draw every reasonable inference in favor of the petitioner. For the purposes of this motion, the court therefore cannot find that the Department of Corrections does not have the sample in its possession and therefore does not find that this matter is moot.
The second issue raised by the respondent is that the petition fails to state a claim upon which habeas relief may be granted and therefore this court lacks jurisdiction to grant the petitioner the requested relief.
 The scope of relief available through a petition for habeas corpus is limited. In order to invoke the trial court's subject matter jurisdiction in a habeas action, a petitioner must allege that he is illegally confined or has been deprived of his liberty. Our Supreme Court found that "[t]he writ of habeas corpus, as it is employed in the twentieth century, however, does not focus solely upon a direct attack on the underlying judgment or upon release from confinement"; Lozada v. Warden, 223 Conn. 834, 841, 613 A.2d 818 (1992); but is available as a remedy for issues of fundamental fairness implicating constitutional rights. Id., 840; see also Arey v. Warden, 187 Conn. 324, 445 A.2d 916 (1982) (claims concerning conditions of confinement may be brought in habeas corpus proceeding). This court has similarly recognized that "the well established precepts of illegal detention and deprivation of constitutional rights remain the touchstones of [habeas corpus] jurisdiction." Vincenzo v. Warden, 26 Conn. App. 132, 138 n. 4, 599 A.2d 31 (1991). We must therefore determine whether the petitioners have alleged sufficient facts to constitute the deprivation of a CT Page 6152 legally recognized constitutional right.
 Santiago v. Commissioner of Correction, 39 Conn. App. 674, 679 (1995).
In the instant petition for habeas the petitioner requested, among other relief, that the court "[c]orrect the institutional condition complained of". However an examination of the habeas petition in its entirety shows that the petitioner is not challenging the conditions of his confinement.
The petitioner asserts that § 54-102g of the Connecticut General Statutes is an ex post facto law as it was applied to him.
 It is well established that "the constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them." Collins v. Youngblood, 497 U.S. 37, 41, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). Moreover, the ex post facto clause prohibits a state from enforcing a law that "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment [than] that [which was] then prescribed. . . ." Cummings v. Missouri, 71 U.S. 277, 325-26, 18 L.Ed. 356 (1867), accord Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); Payne v. Fairfield Hills Hospital, 215 Conn. 675, 683, 578 A.2d 1025 (1990).
 State v. Kelly, 256 Conn. 23, 88 (2001).
The parties hereto do not dispute that § 54-102g C.G.S. was enacted subsequent to the dates of offenses of which the petitioner was convicted. However the petitioner asserts that because of the statute was applied to him, the statute as applied violates the constitutional provisions against ex post facto laws.
In Kelly, Supra, our Supreme Court adopted a two part test developed by the Second Circuit Court of Appeals to determine whether or not a statute is punitive in nature. The first part of the test is whether the legislature when enacting the subject legislation indicated either expressly or impliedly a preference for one label or the other. The second part of the test is whether the legislature indicated an intention to establish a civil purpose for the legislation. In regards to the second part of the test the court must also make a determination as to whether the statutory scheme is so punitive either in purpose or effect as to negate the other than punitive intention. State v. Kelly, Supra at CT Page 6153 93.
The provisions of § 54-102g C.G.S. do not affect the length or conditions of the petitioner's confinement. Nor do they resemble any measures traditionally considered as punitive in nature.
In Kelly, Supra, our Supreme Court held that the application of §54-102r C.G.S., (Connecticut's version of "Megan's law") to a person who had committed an offense covered by the statute prior to its enactment was not in violation of the constitutional prohibition against ex post facto laws. The court reasoned the statute was regulatory, not punitive in nature and therefore retrospective application would pass muster under the ex post facto clause of article one, § 10, of the United States Constitution.
Upon completing its review of the challenged legislation and its application to the petitioner, this Court comes to the conclusion that § 54-102g C.G.S. is regulatory, not punitive in nature.
Whereas the challenged procedure is not punitive in nature, this court finds that the petition fails to state a claim upon which habeas relief may be granted. This court lacks jurisdiction to grant the petitioner the requested relief. Therefore the respondent's motion to dismiss is granted.
Richard A. Robinson May 13, 2002