******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# BERNARD SMALLS *v.* COMMISSIONER OF CORRECTION
## (AC 40751)

DiPentima, C. J., and Sheldon and Moll, Js.

*Syllabus*

The petitioner, who previously had been convicted of murder, risk of injury to a child and criminal possession of a firearm, sought a writ of habeas corpus, claiming, inter alia, that the habeas counsel who had represented him with respect to a previous habeas petition he had filed provided ineffective assistance by, inter alia, failing effectively to raise the claim that the petitioner's trial counsel was ineffective for failing to fully explain to the petitioner a plea offer he had rejected. The habeas court rendered judgment denying the habeas petition, from which the petitioner, on the granting of certification, appealed to this court. *Held* that the habeas court properly rendered judgment denying the habeas petition: that court having found that trial counsel properly had conveyed the information regarding the plea offer to the petitioner and that the credible evidence presented revealed that trial counsel had fully explained to the petitioner all of the charges and their minimum and maximum sentences, the petitioner failed to establish that trial counsel's representation of him was deficient, and, therefore, the habeas court properly concluded that he likewise failed to establish that prior habeas counsel's representation of him was deficient; moreover, the habeas court correctly determined that the petitioner was not prejudiced by any alleged deficient performance of either trial counsel or prior habeas counsel, as the petitioner's claim that he would have accepted the plea offer of twenty-five years if trial counsel had explained to him that it would have resolved all of the charges that were then pending against him was belied by the petitioner's testimony that he had adamantly refused to plead guilty to murder and would plead guilty only to manslaughter.

Argued January 3—officially released March 19, 2019

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Oliver, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Naomi T. Fetterman*, for the appellant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *Patrick Griffin*, state's attorney, and *Adrienne Russo*, assistant state's attorney, for the appellee (respondent).

*Opinion*

SHELDON, J. Following the granting of his petition for certification to appeal, the petitioner, Bernard Smalls, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the habeas court erred in rejecting his claim that his prior habeas attorney rendered ineffective assistance by failing effectively to raise his claim that his attorney in his underlying criminal trial rendered ineffective assistance by failing to explain to him the implications of a plea offer that he rejected. We affirm the judgment of the habeas court.

The following undisputed procedural history is relevant to this appeal. On December 7, 2001, the petitioner was sentenced to a total effective sentence of fifty years incarceration after being convicted of murder by use of a firearm in violation of General Statutes § 53a-54a (a), risk of injury to a child in violation of General Statutes (Rev. to 1999) § 53-21 (1), and criminal possession of a firearm in violation of General Statutes (Rev. to 1999) § 53a-217 (a). His sentence was enhanced by a guilty finding of commission of a class A, B or C felony with a firearm in violation of General Statutes § 53-202k. The petitioner's conviction was affirmed on direct appeal. See *State* v. *Smalls*, 78 Conn. App. 535, 548, 827 A.2d 784, cert. denied, 266 Conn. 931, 837 A.2d 806 (2003).

The petitioner filed his first habeas petition in 2004. On July 31, 2007, the petitioner, who was then represented by Attorney Cheryl A. Juniewic, filed an amended petition, wherein he alleged, inter alia,[1] that he was denied the effective assistance of his trial counsel, Michael Moscowitz. The petitioner claimed, inter alia, that Moscowitz "did not adequately consult with or advise [the] petitioner concerning the status of any plea negotiations, any potential plea agreements or the consequences of accepting a plea agreement as opposed to the consequences of going to trial before a jury." The habeas court rejected the petitioner's claim, finding that "the twenty-five year offer of pleading to murder was in fact conveyed to [the petitioner], and he rejected that offer." This court dismissed the petitioner's appeal from the judgment of the habeas court. See *Smalls* v. *Commissioner of Correction*, 146 Conn. App. 909, 78 A.3d 307 (2013), cert. denied, 311 Conn. 931, 87 A.3d 579 (2014).

On March 12, 2012, the petitioner commenced this habeas action, claiming ineffective assistance by Juniewic in his prior habeas action. He filed a second amended petition on January 20, 2017, wherein he claimed that Juniewic rendered ineffective assistance by, inter alia, failing effectively to raise the claim that Moscowitz was ineffective for failing to fully explain the plea offer to him.

After a two day trial, the habeas court rendered a decision rejecting the petitioner's claim that Juniewic rendered ineffective assistance to him in his previous habeas action. The habeas court concluded that the petitioner failed to prove that Juniewic's representation of him was deficient or prejudicial. The court explained its ruling as follows: "In the instant matter, all of the credible evidence adduced at the habeas trial clearly demonstrates that the petitioner would not have accepted any plea offer for a murder charge from the prosecuting authority. Attorney Moscowitz testified credibly at the habeas trial that he reviewed with the petitioner the nature and elements of the charges against him, the minimum and maximum sentences he could receive if convicted, and what the state would have to prove in order to convict the petitioner of the charges. Attorney Moscowitz also testified that he presented a twenty-five year offer to the petitioner and advised him to take it, but the petitioner refused to plead guilty unless the [principal charge was] reduced from murder to manslaughter, which [the state's attorney] was unwilling to do. The petitioner also testified at the habeas trial that he did not want to plead guilty to a murder charge. Furthermore, [the state's attorney] testified that he was responsible for all decisions regarding the charges the petitioner faced, and he was not willing to reduce the murder charge in this case. As a result, the court finds that Attorney Moscowitz properly conveyed the information regarding the plea offer to the petitioner, and therefore his conduct did not constitute deficient performance. Furthermore, it is not reasonably probable that the petitioner was going to accept the plea offer given the fact that he admitted that he did not want to plead [guilty] to a murder charge. As a result, the petitioner has failed to sustain his burden of establishing that Attorney Moscowitz was ineffective for failing to properly explain a plea offer, and therefore his claim of ineffective assistance against Attorney Juniewic must be denied." The habeas court granted the petitioner's petition for certification to appeal, and this appeal followed.

The petitioner claims that the habeas court erred in rejecting his claim that Juniewic rendered ineffective assistance in his first habeas action. Specifically, the petitioner claims that Juniewic rendered ineffective assistance by failing effectively to argue that Moscowitz's representation of him was ineffective because he failed to explain that the twenty-five year plea offer would have resolved all charges that were then pending against him. We disagree.

"The use of a habeas petition to raise an ineffective assistance of habeas counsel claim, commonly referred to as a habeas on a habeas, was approved by our Supreme Court in *Lozada* v. *Warden*, 223 Conn. 834, 613 A.2d 818 (1992). In *Lozada*, the court determined

that the statutory right to habeas counsel for indigent petitioners provided in General Statutes § 51-296 (a) includes an implied requirement that such counsel be effective, and it held that the appropriate vehicle to challenge the effectiveness of habeas counsel is through a habeas petition. . . . In *Lozada*, the court explained that [t]o succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his trial counsel was ineffective. [Id.,] 842. As to each of those inquiries, the petitioner is required to satisfy the familiar two-pronged test set forth in *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . . *Lozada* v. *Warden*, supra, 842–43. In other words, a petitioner claiming ineffective assistance of habeas counsel on the basis of ineffective assistance of trial counsel must essentially satisfy *Strickland* twice . . . .

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. . . . Judicial scrutiny of counsel's performance must be highly deferential and courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; [but] strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. . . . With respect to the prejudice prong, the petitioner must establish that if he had received effective representation by habeas counsel, there is a reasonable probability that the habeas court would have found that he was entitled to reversal of the conviction and a new trial . . . .

"It is well settled that in reviewing the denial of a habeas petition alleging the ineffective assistance of counsel, [t]his court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Adkins* v. *Commissioner of Correction*, 185 Conn. App. 139, 150–52, 196 A.3d 1149, cert. denied, 330 Conn. 946,

196 A.3d 326 (2018).

"To show prejudice from ineffective assistance of counsel where a plea offer has . . . been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." (Internal quotation marks omitted.) *Mahon* v. *Commissioner of Correction*, 157 Conn. App. 246, 253–54, 116 A.3d 331, cert. denied, 317 Conn. 917, 117 A.3d 855 (2015).

The petitioner claims on appeal that the habeas court erred in concluding that Juniewic's performance was neither deficient nor prejudicial based on her alleged failure properly to raise his argument that Moscowitz failed to advise him that the twenty-five year plea offer would have resolved all of the charges then pending against him. Although the habeas court found that Moscowitz properly had conveyed the information regarding the plea offer to the petitioner, the petitioner claims that that finding is erroneous based on Moscowitz's testimony in the petitioner's first habeas trial that the parties "didn't get into details about the other charges" during the plea negotiations. The petitioner claims that because the other charges were not discussed during the plea negotiations, Moscowitz could not have advised him and, in fact, did not advise him, that his acceptance of the twenty-five year offer on the murder charge would have resolved all of the charges against him. Moscowitz, however, testified in this habeas action that he did not recall the proposed structure of the twenty-five year plea offer, but that that sentence would be "the controlling sentence," and he had explained that to the petitioner. Although the petitioner testified that Moscowitz did not explain the charges that were pending against him, or the sentences associated with those charges, the habeas court did not find that testimony credible. Rather, the habeas court found that the credible evidence presented revealed that Moscowitz had fully explained to the petitioner all of the charges and their minimum and maximum sentences. Because the petitioner failed to establish that Moscowitz's representation of him was deficient, the habeas court properly concluded that he likewise failed to establish that Juniewic's representation of him was deficient.

Moreover, the petitioner testified, and Moscowitz confirmed, that he had adamantly refused to plead

guilty to murder and would only plead guilty to manslaughter. The petitioner testified: "It was just mainly the title, but the number really . . . didn't matter. It was the title, meaning murder or manslaughter." He also testified: "I just didn't want that . . . murder title on my name . . . because I . . . believe that it wasn't intentional. I didn't . . . mean to kill him." Thus, the petitioner's claim that he would have accepted the twenty-five year offer if Moscowitz had explained to him that it would resolve all of the charges that were then pending against him is belied by his own testimony. We therefore conclude that the habeas court also correctly determined that the petitioner was not prejudiced by any alleged deficient performance by either Moscowitz or Juniewic.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In that petition, the petitioner also claimed that his appellate counsel, on his direct appeal, was ineffective and that his right to due process was violated because of prosecutorial impropriety. Those claims are not relevant to this appeal.